*FILED*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

2009 JUL -6  A 8: 33

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

SPH AMERICA, LLC,
a Virginia company,

        Plaintiff,

    v.

ACER, INC., a Taiwanese company; ACER
AMERICA CORPORATION, a California
company; AMAZON.COM, INC., a Delaware
company; APPLE, INC., a California company;
CASIO COMPUTER CO., LTD., a Japanese
company; CASIO AMERICA, INC.; a New York
company; CASIO CORPORATION OF
AMERICA, INC., a Delaware company; DELL
INC., a Delaware company; FRANKLIN
WIRELESS CORP., a Nevada company;
GENERAL DYNAMICS ITRONIX CORP., a
Delaware company; HEWLETT PACKARD
CO., a Delaware company; HP DEVELOPMENT
COMPANY LLC, a Delaware company;
HUAWEI AMERICA, INC., a California
company; HUAWEI TECHNOLOGIES CO.,
LTD., a Taiwanese company; LENOVO GROUP
LTD., a Chinese (Hong Kong) company;
LENOVO HOLDING COMPANY, INC., a
Delaware company; LENOVO (USA) INC., a
Delaware company; MOTOROLA, INC., a
Delaware company; NOKIA CORPORATION, a
Finnish company; NOKIA INC., a Delaware
company; NOVATEL WIRELESS INC., a
Delaware company; NOVATEL WIRELESS
SOLUTIONS, INC., a Delaware company;
NOVATEL WIRELESS TECHNOLOGY, INC.,
a Delaware company; OPTION, INC., a
Delaware company; OPTION NV, a Belgian
company; OPTION WIRELESS USA, INC., a
Delaware company; PALM INC., a Delaware
company; PANASONIC CORPORATION, a
Japanese company; PANASONIC
CORPORATION OF NORTH AMERICA, a
Delaware company; PANASONIC CONSUMER
ELECTRONICS COMPANY, a Delaware

Civil Action No. 1:09CV740
LMB/JFA

JURY TRIAL DEMANDED

company; PANASONIC ELECTRONIC
DEVICES CORPORATION OF AMERICA, a
Delaware company; PERSONAL
COMMUNICATIONS DEVICES LLC, a
Delaware company; PERSONAL
COMMUNICATIONS DEVICES HOLDINGS,
LLC, a Delaware company; SIERRA
WIRELESS, INC., a Canadian company;
SIERRA WIRELESS AMERICA, INC., a
Delaware company; SONY CORPORATION, a
Japanese company; SONY CORPORATION OF
AMERICA, a New York company; SONY
ELECTRONICS INC., a Delaware company;
SONY ERICSSON MOBILE
COMMUNICATIONS AB, a Swedish company;
SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC., a Delaware
company; UTSTARCOM, INC., a Delaware
company; UTSTARCOM PERSONAL
COMMUNICATIONS LLC, a Delaware
company; ZTE CORPORATION, a Chinese
company; and ZTE (USA) INC., a New Jersey
company,

                    Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SPH America, LLC ("SPH America") brings this action for patent

infringement against Acer, Inc., Acer America Corporation, Amazon.com, Inc., Apple, Inc.,

Casio Computer Co., LTD., Casio America, Inc., Casio Corporation of America, Inc., Dell

Inc., Franklin Wireless Corp., General Dynamics Itronix Corp., Hewlett Packard Co., HP

Development Company LLC, Huawei America, Inc., Huawei Technologies Co., LTD.,

Lenovo Group LTD., Lenovo Holding Company, Inc., Lenovo (USA) Inc., Motorola, Inc.,

Nokia Corporation, Nokia Inc., Novatel Wireless Inc., Novatel Wireless Solutions, Inc.,

Novatel Wireless Technology, Inc., Option, Inc., Option NV, Option Wireless USA, Inc.,

Palm, Inc., Panasonic Corporation, Panasonic Corporation of North America, Panasonic

Consumer Electronics Company, Panasonic Electronic Devices Corporation of America,

Personal Communications Devices, LLC, Personal Communications Devices Holdings, LLC,

Sierra Wireless, Inc., Sierra Wireless America, Inc., Sony Corporation, Sony Corporation of

America, Sony Electronics Inc., Sony Ericsson Mobile Communications AB, Sony Ericsson

Mobile Communications (USA) Inc., UTStarCom, Inc., UTStarCom Personal

Communications LLC, ZTE Corporation, and ZTE (USA) Inc. (individually and/or

collectively "Defendants"), alleging as follows:

## THE PARTIES

1.      Plaintiff SPH America is a Virginia limited liability company, and has a

regular and established place of business at 8133 Leesburg Pike, Suite 640, Vienna, Virginia.

SPH America is the exclusive licensee having all substantial rights to a portfolio of patents

related to wireless communications, including United States Patent Nos. RE 40,385 (the "'385

patent"); 5,960,029 (the "'029 patent"); 7,443,906 (the "'906 patent"); and RE 40,253 (the

"'253 patent") (collectively, the "patents-in-suit" or "asserted patents"), which are owned as a

matter of record by the Electronics and Telecommunications Research Institute ("ETRI"), a

South Korean non-profit research organization located at 1599-11 Seocho-Dong, 6th Floor,

Seocho-Gu, Seoul, 137-876, Korea.

2.      On information and belief, Acer, Inc. is a corporation organized and existing

under the laws of Taiwan, with its principal place of business at 21F 88 Hsin Tai Wu Road,

Section 1, Taiwan.  Acer America Corporation, on information and belief, is a wholly-owned

subsidiary of Acer, Inc. and is organized and existing under the laws of California, with a

principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, California

95110.  Acer, Inc. and Acer America Corporation will be referred to herein individually and

collectively as the "Acer Defendants."

- 3 -

3.      On information and belief, Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144. On information and belief, Amazon designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

4.      On information and belief, Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95104. On information and belief, Apple designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

5.      On information and belief, Casio Computer Co., Ltd. is a company organized and existing under the laws of Japan, with its principal place of business at 6-2, Hon-machi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan. Casio America, Inc., on information and belief, is a wholly-owned subsidiary of Casio Computer Co., Ltd. and incorporated under the laws of the State of New York, with its principal place of business at 570 Mount Pleasant Avenue, Dover, NJ 07801. Casio Corporation of America, Inc., on information and belief, is a wholly-owned subsidiary of Casio Computer Co., Ltd. and incorporated under the laws of the State of Delaware, with its principal place of business at 570 Mount Pleasant Avenue, Dover, NJ 07801. Casio Computer Co., Ltd., Casio America, Inc., and Casio Corporation of America, Inc. will be referred to herein individually and collectively as the "Casio Defendants." On information and belief, the Casio Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

6.      On information and belief, Dell Inc. ("Dell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, TX 78682.  On information and belief, Dell designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

7.      On information and belief, Franklin Wireless Corp. ("Franklin") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 5440 Morehouse Dr., #1000, San Diego, CA 92121.  On information and belief, Franklin designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

8.      On information and belief, General Dynamics Itronix Corp. ("General Dynamics") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 12825 East Mirabeau Parkway, Spokane Valley, WA 99216.  On information and belief, General Dynamics designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

9.      On information and belief, Hewlett Packard Co. is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 3000 Hanover Street, MS 1050, Palo Alto, CA 94304.  HP Development Company LLC, on information and belief, is a wholly-owned subsidiary of Hewlett Packard Co. and is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 3000 Hanover Street, MS 1050, Palo Alto, CA 94304.  Hewlett Packard Co. and HP Development Company LLC will be referred to herein individually and collectively as the "HP Defendants."  On information and belief, the HP Defendants design,

manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

10.     On information and belief, Huawei Technologies Co., Ltd. is a company organized and existing under the laws of Taiwan, with its principal place of business at HQ Office Building, Huawei Industrial Base, Bantian, Longgang District, Shenzen 518129, P.R.China.  Huawei America, Inc., on information and belief, is a wholly-owned subsidiary of Huawei Technologies Co., Ltd. and is an incorporation organized and existing under the laws of the State of California, with its principal place of business at 3255-4 Scott Blvd., Suite 101, Santa Clara, CA 95054.  Huawei Technologies Co., Ltd. and Huawei America, Inc. will be referred to herein individually and collectively as the "Huawei Defendants."  On information and belief, the Huawei Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

11.     On information and belief, Lenovo Group Limited is a company organized and existing under the laws of China, with its principal place of business at No. 6 Chuang Ye Road, Shangdi Information Industry Base, Haidan District, Beijing, China 100085.  Lenovo Holding Company, Inc., on information and belief, is a wholly-owned subsidiary of Lenovo Group Limited and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1009 Think Place, Morrisville, NC 27560. Lenovo (USA) Inc., on information and belief, is a wholly-owned subsidiary of Lenovo Group Limited and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1009 Think Place, Morrisville, NC 27560. Lenovo Group Limited, Lenovo Holding Company, Inc., and Lenovo (USA) Inc. will be referred to herein individually and collectively as the "Lenovo Defendants."  On information

and belief, the Lenovo Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

12.      On information and belief, Motorola Inc. ("Motorola") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois 60196.  On information and belief, Motorola designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

13.      On information and belief, Nokia Corporation is a Finnish Corporation, with its principal place of business at Keilalahdentie 4, P.O. Box 226, FI-00045 Nokia Group, Espoo, Finland.  Nokia Inc., on information and belief, is a wholly-owned subsidiary of Nokia Corporation and incorporated under the laws of the State of Delaware, with its principal place of business at 6000 Connection Drive, Irving, Texas 75039.  Nokia Corporation and Nokia Inc. will be referred to herein individually and collectively as the "Nokia Defendants."  On information and belief, the Nokia Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

14.      On information and belief, Novatel Wireless, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121.  Novatel Wireless Solutions, Inc., on information and belief, is a wholly-owned subsidiary of Novatel Wireless, Inc. and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121. Novatel Wireless Technology, Inc., on information and belief, is a wholly-owned subsidiary of Novatel Wireless, Inc. and is a corporation organized and existing under the laws of the

State of Delaware, with its principal place of business at 9645 Scranton Road, Suite 205, San

Diego, California 92121.  Novatel Wireless, Inc., Novatel Wireless Solutions, Inc., and

Novatel Wireless Technology, Inc. will be referred to herein individually and collectively as

the "Novatel Defendants."  On information and belief, the Novatel Defendants design,

manufacture, use, sell, import, and/or distribute wireless communications products accused of

infringement herein.

      15.     On information and belief, Option NV is a corporation organized and existing

under the laws of Belgium, with its principal place of business at Gaston Geenslan 14, 3001

Leuven, Belgium.  Option, Inc., on information and belief, is a wholly-owned subsidiary of

Option NV and is an incorporation organized and existing under the laws of the State of

Delaware, with its principal place of business at 13010 Morris Road, 6th Floor, Building 1,

Alpharetta, GA 30004.  Option Wireless USA, Inc., on information and belief, is a wholly-

owned subsidiary of Option NV and is an incorporation organized and existing under the laws

of the State of Delaware, with its principal place of business at 13010 Morris Road, 6th Floor,

Building 1, Alpharetta, GA 30004.  Option NV, Option, Inc., and Option Wireless USA, Inc.

will be referred to herein individually and collectively as the "Option Defendants."  On

information and belief, the Option Defendants design, manufacture, use, sell, import, and/or

distribute wireless communications products accused of infringement herein.

      16.     On information and belief, Palm, Inc. ("Palm") is a corporation organized and

existing under the laws of the State of Delaware, with its principal place of business at 950

West Maude Avenue, Sunnyvale, CA 94085.  On information and belief, Palm designs,

manufactures, uses, sells, imports, and/or distributes wireless communications products

accused of infringement herein.

17.     On information and belief, Panasonic Corporation is a corporation organized

and existing under the laws of Japan, with its principal place of business at 1006 Oaza

Kadoma, Kadoma, Osaka 571-8501, Japan.  Panasonic Corporation of North America, on

information and belief, is a wholly-owned subsidiary of Panasonic Corporation and is a

corporation organized and existing under the laws of the State of Delaware, with its principal

place of business at One Panasonic Way, Secaucus, NJ 07094.  Panasonic Consumer

Electronics Company, on information and belief, is a wholly-owned subsidiary of Panasonic

Corporation and is a company organized and existing under the laws of the State of Delaware,

with its principal place of business at One Panasonic Way, Secaucus, NJ 07094.  Panasonic

Electronic Devices Corporation of America, on information and belief, is a wholly-owned

subsidiary of Panasonic Corporation and is a company organized and existing under the laws

of the State of Delaware, with its principal place of business at One Panasonic Way,

Secaucus, NJ 07094.  Panasonic Corporation, Panasonic Corporation of North America,

Panasonic Consumer Electronics Company, and Panasonic Electronic Devices Corporation of

America will be referred to herein individually and collectively as the "Panasonic

Defendants."  On information and belief, the Panasonic Defendants design, manufacture, use,

sell, import, and/or distribute wireless communications products accused of infringement

herein.

18.     On information and belief, Personal Communications Devices LLC is a limited

liability company organized and existing under the laws of the State of Delaware, with its

principal place of business at 555 Wireless Blvd., Hauppage, NY 11788-3966.  Personal

Communications Devices Holdings, LLC, on information and belief, is a wholly-owned

subsidiary of Personal Communications Devices LLC and is a limited liability company

organized and existing under the laws of the State of Delaware, with its principal place of business at 555 Wireless Blvd., Hauppage, NY 11788-3966. Personal Communications Devices LLC and Personal Communications Devices Holdings, LLC will be referred to herein individually and collectively as the "PCD Defendants." On information and belief, the PCD Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

19.     On information and belief, Sierra Wireless, Inc. is a Canadian corporation, with its principal place of business at 13811 Wireless Way, Richmond BC Canada V6V 3A4. Sierra Wireless America, Inc., on information and belief, is a wholly-owned subsidiary of Sierra Wireless, Inc. and is incorporated under the laws of the State of Delaware, with its principal place of business at 2290 Cosmos Ct., Carlsbad, CA 92011. Sierra Wireless, Inc. and Sierra Wireless America, Inc. will be referred to herein individually and collectively as the "Sierra Wireless Defendants." On information and belief, Sierra Wireless Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

20.     On information and belief, Sony Corporation is a Japanese Corporation, with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo, Japan. Sony Corporation of America, on information and belief, is a wholly-owned subsidiary of Sony Corporation and is incorporated under the laws of the State of New York, with its principal place of business at 550 Madison Avenue, 27th Floor, New York, New York 10022. Sony Electronics Inc., on information and belief, is a wholly owned subsidiary of Sony Corporation of America, and is organized and existing under the laws of Delaware, with a principal place of business at 16530 Via Esprillo, San Diego, California 92127. Sony Corporation, Sony Corporation of

America, and Sony Electronics Inc. will be referred to herein individually and collectively as the "Sony Defendants." On information and belief, the Sony Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

21.     On information and belief, Sony Ericsson Mobile Communications AB is a Swedish company, with its principal place of business at 202 Hammersmith Road, London, W6 7DN, United Kingdom. Sony Ericsson Mobile Communications (USA), Inc., on information and belief, is a wholly-owned subsidiary of Sony Ericsson Mobile Communications AB, and is incorporated under the laws of the State of Delaware, with its primary place of business at 7001 Development Drive, Research Triangle Park, NC 27709. Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA), Inc. will be referred to herein individually and collectively as the "Sony Ericsson Defendants." On information and belief, the Sony Ericsson Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

22.     On information and belief, UTStarCom, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1275 Harbor Bay Parkway, Alameda, CA 94502. UTStarCom Personal Communications LLC, on information and belief, is a wholly-owned subsidiary of UTStarCom, Inc., and is a limited liability company organized under the laws of the State of Delaware, with its primary place of business at 1275 Harbor Bay Parkway, Alameda, CA 94502. UTStarCom, Inc. and UTStarCom Personal Communications LLC will be referred to herein individually and collectively as the "UTStarCom Defendants." On information and belief, the UTStarCom

Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

23.     On information and belief, ZTE Corporation is a corporation organized and existing under the laws of China, with its principal place of business at ZTE Plaza, Hi-Tech Road South, Hi-Tech Industrial Park, Nanshan District, Shenzen, China 518057. ZTE (USA) Inc., on information and belief, is a wholly-owned subsidiary of ZTE Corporation and is incorporated under the laws of the State of New Jersey, with its primary place of business at 33 Wood Avenue South, Iselin, NJ 08830. ZTE Corporation and ZTE (USA) Inc. will be referred to herein individually and collectively as the "ZTE Defendants." On information and belief, the ZTE Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

## JURISDICTION AND VENUE

24.     This lawsuit is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

25.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

26.     This Court has personal jurisdiction over the Acer Defendants, and venue is proper in this District, because the Acer Defendants does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Acer Defendants because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief,

- 12 -

the Acer Defendants knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Aspire One wireless communications devices.  In accordance with established distribution channels for the accused products, the Acer Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

27.     This Court has personal jurisdiction over Amazon, and venue is proper in this District, because Amazon does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over Amazon because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  On information and belief, Amazon knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Kindle and Kindle DX wireless communications devices.  In accordance with established distribution channels for the accused products, Amazon reasonably anticipated that the accused products would end up in this District and be sold herein.

28.     This Court has personal jurisdiction over Apple, and venue is proper in this District, because Apple does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over Apple because it has established minimum contacts with the forum

and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, Apple knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the iPhone 3G and iPhone 3G-S wireless communications devices. In accordance with established distribution channels for the accused products, Apple reasonably anticipated that the accused products would end up in this District and be sold herein.

29.     This Court has personal jurisdiction over the Casio Defendants, and venue is proper in this District, because the Casio Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Casio Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Casio Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the C711ORX, CDM8975, and EXILIM wireless communications devices. In accordance with established distribution channels for the accused products, the Casio Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

30.     This Court has personal jurisdiction over Dell, and venue is proper in this District, because Dell does business in Virginia and in this District, and infringement has

occurred and continues to occur in Virginia and in this District. In addition, the Court has

personal jurisdiction over Dell because it has established minimum contacts with the forum

and the exercise of jurisdiction over it would not offend traditional notions of fair play and

substantial justice. On information and belief, Dell knowingly and intentionally participates

in a stream of commerce into the United States including sales of the accused products. By

way of example, the accused products include those ultimately sold and/or offered for sale

within this District under various brand names including but not limited to the Latitude

(D430, D630, D630c, D631, D830, ATG, XFR, XT2, E4200, E4300, E5400, E6400, E6400

ATG, and E6500), Precision (M2300, M2400, M4300, M4400, and M6400), XPS (M1210,

M1330, M1730, Studio XPS 13, and Studio XPS 16), Inspiron (1420, 1525, and 1720), Studio

(15 and 17), and Vostro wireless communications devices. In accordance with established

distribution channels for the accused products, Dell reasonably anticipated that the accused

products would end up in this District and be sold herein.

     31.    This Court has personal jurisdiction over Franklin, and venue is proper in this

District, because Franklin does business in Virginia and in this District, and infringement has

occurred and continues to occur in Virginia and in this District. In addition, the Court has

personal jurisdiction over Franklin because it has established minimum contacts with the

forum and the exercise of jurisdiction over it would not offend traditional notions of fair play

and substantial justice. On information and belief, Franklin knowingly and intentionally

participates in a stream of commerce into the United States including sales of the accused

products. By way of example, the accused products include those ultimately sold and/or

offered for sale within this District under various brand names including but not limited to the

U300, CDU-550, CDU-650, CDU-680, CCU-550, CDC-650, CDX-650, CDX-680, CNE-

650, CDE-650, and CDM-650 wireless communications devices.  In accordance with established distribution channels for the accused products, Franklin reasonably anticipated that the accused products would end up in this District and be sold herein.

32.     This Court has personal jurisdiction over General Dynamics, and venue is proper in this District, because General Dynamics does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over General Dynamics because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  On information and belief, General Dynamics knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the GD6000, GoBook MR-1, and GoBook XR-1 wireless communications devices.  In accordance with established distribution channels for the accused products, General Dynamics reasonably anticipated that the accused products would end up in this District and be sold herein.

33.     This Court has personal jurisdiction over the HP Defendants, and venue is proper in this District, because the HP Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over the HP Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the HP Defendants knowingly and intentionally participate in a stream of commerce

into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Compaq 6530b, Compaq 6730b, Compaq 6930b, EliteBook 2530p, EliteBook 2730p, and EliteBook 8530p wireless communications devices. In accordance with established distribution channels for the accused products, the HP Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

34.    This Court has personal jurisdiction over the Huawei Defendants, and venue is proper in this District, because the Huawei Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Huawei Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Huawei Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the webConnect USB and Huawei 181 wireless communications devices. In accordance with established distribution channels for the accused products, the Huawei Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

35.    This Court has personal jurisdiction over the Lenovo Defendants, and venue is proper in this District, because the Lenovo Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.

In addition, the Court has personal jurisdiction over the Lenovo Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Lenovo Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the ThinkPad T400, ThinkPad T500, ThinkPad X200, and ThinkPad X301 wireless communications devices. In accordance with established distribution channels for the accused products, the Lenovo Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

36.     This Court has personal jurisdiction over Motorola, and venue is proper in this District, because Motorola does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Motorola because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, Motorola knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the 120X, V510, V260, T720, V60v, C343, T730, V60x, SLVR L7c, W315, E310, T731C, V65p, RAZR V3c (MS500), V710, KRZR K1m (MS700), A840, V120e, V262, Moto Q, V276, C24, C290, C341, E816 (Hollywood), ic402 (Blend), ic502 (Buzz), M800, M800 Bag Phone, Moto Q 9c, Moto Q Music 9m, Moto Z6c, QA4 (Evoke), RAZR Maxx Ve, RAZR V3m,

RAZR VE20, RAZR2 V9m, RIZR Z6tv, ROKR Z6m, T300p, V266, V323, V323i, V325, V60p, V750 (Adventure), V950, VE240, VU204, VU30 (Rapture), W385, W755, ZN4 (Krave), V265, E815, and V810 wireless communications devices. In accordance with established distribution channels for the accused products, Motorola reasonably anticipated that the accused products would end up in this District and be sold herein.

      37.    This Court has personal jurisdiction over the Nokia Defendants, and venue is proper in this District, because the Nokia Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Nokia Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Nokia Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Nokia N97, N96, N95 8GB, N95, N85, N79, N75, E75, E71x, E71, E66, E63, 7610, 7510, 7205 Intrigue, 6650 Fold, 6500 Classic, 6301, 6263, 6212, 6205, 6131 NFC, 6085, 5800, 5610, 5310, 3610, 3606, 3600 Slide, 3555, 2760, 2680 Slide, 2660, 2630, 2610, 2605 Mirage, 2600 ATT, 2135, 1680 Classic, 1661, 1606, 1208, and 1006 wireless communications devices. In accordance with established distribution channels for the accused products, the Nokia Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

      38.    This Court has personal jurisdiction over the Novatel Defendants, and venue is proper in this District, because the Novatel Defendants do business in Virginia and in this

District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Novatel Defendants because each of them has established minimum contact with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Novatel Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the MC760, S720, Ovation MC727, Ovation U727, Ovation U760, MCD3000, MiFi 2200, Merlin X720, Merlin EX720, Merlin XV620, Merlin PC720, Expedite E760, and Expedite E725 wireless communications devices. In accordance with established distribution channels for the accused products, the Novatel Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

　　　　39.　　This Court has personal jurisdiction over the Option Defendants, and venue is proper in this District, because the Option Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Option Defendants because each of them has established minimum contact with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Option Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Quicksilver, GT Ultra, and GT

Ultra Express wireless communications devices. In accordance with established distribution channels for the accused products, the Option Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

40.     This Court has personal jurisdiction over Palm, and venue is proper in this District, because Palm does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Palm because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, Palm knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Centro, Pre, Treo 755p, Treo 700wx, and Treo PRO wireless communications devices. In accordance with established distribution channels for the accused products, Palm reasonably anticipated that the accused products would end up in this District and be sold herein.

41.     This Court has personal jurisdiction over the Panasonic Defendants, and venue is proper in this District, because the Panasonic Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Panasonic Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Panasonic Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example,

the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Toughbook F8, Toughbook T8, Toughbook W8, Toughbook 52, Toughbook 74, Toughbook 19, Toughbook 30, Toughbook U1, and Toughbook H1 wireless communications devices.  In accordance with established distribution channels for the accused products, the Panasonic Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

     42.     This Court has personal jurisdiction over the PCD Defendants, and venue is proper in this District, because the PCD Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over PCD Defendants because each of them has established minimum contact with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the PCD Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the C711ORX, C711SL, C721, CDM8975, CDM8950, and TXT8010 wireless communications devices.  In accordance with established distribution channels for the accused products, the PCD Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

     43.     This Court has personal jurisdiction over the Sierra Wireless Defendants, and venue is proper in this District, because the Sierra Wireless Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over the Sierra Wireless

Defendants because each of them has established minimum contact with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Sierra Wireless Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the AC875, AC885, Mercury, 598U, AirCard 402, AirCard 595, Compass 597, Raven X, Raven XT, Raven Ethernet CDMA, and Pinpoint X wireless communications devices.  In accordance with established distribution channels for the accused products, the Sierra Wireless Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

44.     This Court has personal jurisdiction over the Sony Defendants, and venue is proper in this District, because the Sony Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Sony Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Sony Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the W595a Walkman, Cybershot C902, VAIO Lifestyle PC, VAIO TT200 Series, and VAIO Z600 Series wireless communications device.  In accordance with established distribution channels for the accused

products, the Sony Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

45.     This Court has personal jurisdiction over the Sony Ericsson Defendants, and venue is proper in this District, because the Sony Ericsson Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over the Sony Ericsson Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the Sony Ericsson Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the W760a, TM506, and XPERIA wireless communications devices.  In accordance with established distribution channels for the accused products, the Sony Ericsson Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

46.     This Court has personal jurisdiction over the UTStarCom Defendants, and venue is proper in this District, because the UTStarCom Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.  In addition, the Court has personal jurisdiction over the UTStarCom Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, the UTStarCom Defendants knowingly and intentionally

participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the CDM8955, CDM7126, CDM8955, and UM175 wireless communications devices. In accordance with established distribution channels for the accused products, the UTStarCom Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

47.    This Court has personal jurisdiction over the ZTE Defendants, and venue is proper in this District, because the ZTE Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the ZTE Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the ZTE Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the C79 wireless communications device. In accordance with established distribution channels for the accused products, the ZTE Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

## FACTUAL BACKGROUND

48.    The Electronics and Telecommunications Research Institute ("ETRI") was established in 1976 and is located in Korea. ETRI is a non-profit, government-funded research organization that has been at the forefront of technological excellence for more than

25 years. ETRI employs over 1,600 scientists and researchers dedicated to the research and development of cutting-edge technologies having applications in a variety of different industries. In particular, ETRI is world-renowned for its research and development in the fields of information and telecommunications. ETRI has become synonymous with the rise of Korea as one of the world's technology leaders and has become globally recognized for its landmark achievements in communications technology including, for example, developments in a communications technology referred to as Code Division Multiple Access or CDMA.

49.     ETRI's extensive research and development efforts have led to the award of over 15,000 patents worldwide. ETRI's extensive patent portfolio includes the asserted patents.

50.     The '385 patent is titled "ORTHOGONAL COMPLEX SPREADING METHOD FOR MULTICHANNEL AND APPARATUS THEREOF," and generally teaches and claims apparatus and methods for digital signal transmission which improve signal performance through, among other things, improved signal spreading. The '385 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008.

51.     The '029 patent is titled "COHERENT DUAL-CHANNEL QPSK MODULATOR/DEMODULATOR FOR CDMA SYSTEMS, AND MODULATING/DEMODULATING METHODS THEREFOR," and generally teaches and claims apparatus and methods for digital signal transmission which improve signal performance through, among other things, improved modulation and demodulation of a reference signal or carrier wave. The '029 patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 1999.

52.     The '906 patent is titled "APPARATUS AND METHOD FOR MODULATING DATA MESSAGE BY EMPLOYING ORTHOGONAL VARIABLE SPREADING FACTOR (OVSF) CODES IN MOBILE COMMUNICATION SYSTEM," and generally teaches and claims apparatus and methods for digital signal transmission which improve signal performance through, among other things, improved signal spreading. The '906 patent was duly and legally issued by the United States Patent and Trademark Office on October 28, 2008.

53.     The '253 patent is titled "APPARATUS FOR MAKING A RANDOM ACCESS TO THE REVERSE COMMON CHANNEL OF A BASE STATION IN CDMA AND METHOD THEREFOR," and generally teaches and claims apparatus and methods for improving wireless communication performance by reducing unnecessary transmissions. The '253 patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2008.

54.     ETRI's innovative achievements are based on significant investments in labor and capital; indeed, ETRI spends hundreds of millions of dollars annually to support its research and development operations.

55.     ETRI has granted SPH America an exclusive license to certain patents, including the asserted patents. The exclusive license includes all substantial rights to the asserted patents, including the exclusive right to make, use, or sell the patented technology, and the exclusive right to sue for past, current, and future infringements of the asserted patents. ETRI has retained no substantial rights in the asserted patents.

56.     The Acer Defendants is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Aspire One devices. The Acer Defendants earn substantial revenue each year selling such products in the United States.

57.     Amazon is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Kindle and Kindle DX devices. Amazon earns substantial revenue each year selling such products in the United States.

58.     Apple is a well known designer, producer and supplier of wireless communication devices, including but not limited to the iPhone 3G and iPhone 3G-S devices. Apple earns substantial revenue each year selling such products in the United States.

59.     The Casio Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the C711ORX, CDM8975, and EXILIM devices. The Casio Defendants earn substantial revenue each year selling such products in the United States.

60.     Dell is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Latitude (D430, D630, D630c, D631, D830, ATG, XFR, XT2, E4200, E4300, E5400, E6400, E6400 ATG, and E6500), Precision (M2300, M2400, M4300, M4400, and M6400), XPS (M1210, M1330, M1730, Studio XPS 13, and Studio XPS 16), Inspiron (1420, 1525, and 1720), Studio (15 and 17), and Vostro devices. Dell earns substantial revenue each year selling such products in the United States.

61.     Franklin is a well known designer, producer and supplier of wireless communication devices, including but not limited to the U300, CDU-550, CDU-650, CDU-680, CCU-550, CDC-650, CDX-650, CDX-680, CNE-650, CDE-650, and CDM-650 devices. Franklin earns substantial revenue each year selling such products in the United States.

62.     General Dynamics is a well known designer, producer and supplier of wireless communication devices, including but not limited to the GD6000, GoBook MR-1, and GoBook XR-1 devices.  General Dynamics earns substantial revenue each year selling such products in the United States.

63.     The HP Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Compaq 6530b, Compaq 6730b, Compaq 6930b, EliteBook 2530p, EliteBook 2730p, and EliteBook 8530p devices. The HP Defendants earn substantial revenue each year selling such products in the United States.

64.     The Huawei Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the webConnect USB and Huawei 181 devices.  The Huawei Defendants earn substantial revenue each year selling such products in the United States.

65.     The Lenovo Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the ThinkPad T400, ThinkPad T500, ThinkPad X200, and ThinkPad X301 devices.  The Lenovo Defendants earn substantial revenue each year selling such products in the United States.

66.     Motorola is a well known designer, producer and supplier of wireless communication devices, including but not limited to the 120X, V510, V260, T720, V60v, C343, T730, V60x, SLVR L7c, W315, E310, T731C, V65p, RAZR V3c (MS500), V710, KRZR K1m (MS700), A840, V120e, V262, Moto Q, V276, C24, C290, C341, E816 (Hollywood), ic402 (Blend), ic502 (Buzz), M800, M800 Bag Phone, Moto Q 9c, Moto Q Music 9m, Moto Z6c, QA4 (Evoke), RAZR Maxx Ve, RAZR V3m, RAZR VE20, RAZR2

V9m, RIZR Z6tv, ROKR Z6m, T300p, V266, V323, V323i, V325, V60p, V750 (Adventure), V950, VE240, VU204, VU30 (Rapture), W385, W755, ZN4 (Krave), V265, E815, and V810 devices. Motorola earns substantial revenue each year selling such products in the United States.

67.    The Nokia Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Nokia N97, N96, N95 8GB, N95, N85, N79, N75, E75, E71x, E71, E66, E63, 7610, 7510, 7205 Intrigue, 6650 Fold, 6500 Classic, 6301, 6263, 6212, 6205, 6131 NFC, 6085, 5800, 5610, 5310, 3610, 3606, 3600 Slide, 3555, 2760, 2680 Slide, 2660, 2630, 2610, 2605 Mirage, 2600 ATT, 2135, 1680 Classic, 1661, 1606, 1208, and 1006 devices. The Nokia Defendants earn substantial revenue each year selling such products in the United States.

68.    The Novatel Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the MC760, S720, Ovation MC727, Ovation U727, Ovation U760, MCD3000, MiFi 2200, Merlin X720, Merlin EX720, Merlin XV620, Merlin PC720, Expedite E760, and Expedite E725 devices. The Novatel Defendants earn substantial revenue each year selling such products in the United States.

69.    The Option Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Quicksilver, GT Ultra, and GT Ultra Express devices. The Option Defendants earn substantial revenue each year selling such products in the United States.

70.    Palm is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Centro, Pre, Treo 755p, Treo 700wx,

and Treo PRO devices.  Palm earns substantial revenue each year selling such products in the

United States.

     71.    The Panasonic Defendants are well known designers, producers and suppliers

of wireless communication devices, including but not limited to the Toughbook F8,

Toughbook T8, Toughbook W8, Toughbook 52, Toughbook 74, Toughbook 19, Toughbook

30, Toughbook U1, and Toughbook H1 devices.  The Panasonic Defendants earn substantial

revenue each year selling such products in the United States.

     72.    The PCD Defendants are well known designers, producers and suppliers of

wireless communication devices, including but not limited to the C711ORX, C711SL, C721,

CDM8975, CDM8950, and TXT8010 devices.  The PCD Defendants earn substantial revenue

each year selling such products in the United States.

     73.    The Sierra Wireless Defendants are well known designers, producers and

suppliers of wireless communication devices, including but not limited to the AC875, AC885,

Mercury, 598U, AirCard 402, AirCard 595, Compass 597, Raven X, Raven XT, Raven

Ethernet CDMA, and Pinpoint X devices.  The Sierra Wireless Defendants earn substantial

revenue each year selling such products in the United States.

     74.    The Sony Defendants are well known designers, producers and suppliers of

wireless communication devices, including but not limited to the W595a Walkman,

Cybershot C902, VAIO Lifestyle PC, VAIO TT200 Series, and VAIO Z600 Series devices.

The Sony Defendants earn substantial revenue each year selling such products in the United

States.

     75.    The Sony Ericsson Defendants are well known designers, producers and

suppliers of wireless communication devices, including but not limited to the W760a, TM506,

and XPERIA devices.  The Sony Ericsson Defendants earn substantial revenue each year selling such products in the United States.

76.     The UTStarCom Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the CDM8955, CDM7126, CDM8955, and UM175 devices.  The UTStarCom Defendants earn substantial revenue each year selling such products in the United States.

77.     The ZTE Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the C79 device.  The ZTE Defendants earn substantial revenue each year selling such products in the United States.

78.     The Defendants have infringed and continue to infringe, in this District and elsewhere, on SPH America's rights in the asserted patents including through the sale and distribution of the aforementioned mobile communications devices.

**COUNT I**

**(INFRINGEMENT OF THE '385 patent)**

79.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 78 above.

80.     By virtue of its exclusive license to the '385 patent, SPH America has acquired and continues to maintain all substantial rights to the '385 patent including the right to sue and to recover for infringement.

81.     The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '385 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the

United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

82.     As a result of the Defendants' unlawful infringement of the '385 patent, SPH America has suffered and will continue to suffer damage. SPH America is entitled to recover damages adequate to compensate for that infringement.

83.     The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '385 patent. Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

84.     The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## COUNT II

### (INFRINGEMENT OF THE '029 patent)

85.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 84 above.

86.     By virtue of its exclusive license to the '029 patent, SPH America has acquired and continues to maintain all substantial rights to the '029 patent including the right to sue and to recover for infringement.

87.     The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '029 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

88.     As a result of the Defendants' unlawful infringement of the '029 patent, SPH America has suffered and will continue to suffer damage.  SPH America is entitled to recover damages adequate to compensate for that infringement.

89.     The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '029 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

90.     The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## COUNT III

### (INFRINGEMENT OF THE '906 patent)

91.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 90 above.

92.     By virtue of its exclusive license to the '906 patent, SPH America has acquired and continues to maintain all substantial rights to the '906 patent including the right to sue and to recover for infringement.

93.     The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '906 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

94.     As a result of the Defendants' unlawful infringement of the '906 patent, SPH America has suffered and will continue to suffer damage. SPH America is entitled to recover damages adequate to compensate for that infringement.

95.     The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '906 patent. Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

96.     The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## COUNT IV

## (INFRINGEMENT OF THE '253 patent)

97.     SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 96 above.

98.     By virtue of its exclusive license to the '253 patent, SPH America has acquired and continues to maintain all substantial rights to the '253 patent including the right to sue and to recover for infringement.

99.     The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '253 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

100.   As a result of the Defendants' unlawful infringement of the '253 patent, SPH America has suffered and will continue to suffer damage.  SPH America is entitled to recover damages adequate to compensate for that infringement.

101.   The Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '253 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

102.   The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH America prays that this Court enter judgment:

(1)   That Defendants have infringed United States Patent Nos. RE 40,385, 5,960,029, 7,443,906, and/or RE 40,253;

(2)   That Defendants' infringement is willful;

(3)   That this is an exceptional case;

(4)   Permanently enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing United States Patent Nos. RE 40,385; 5,960,029; 7,443,906; and/or RE 40,253;

(5)   Awarding to SPH America actual damages, not less than a reasonable royalty, for Defendants' infringement including costs and pre- and post-judgment interest as allowed by law;

(6)     Awarding treble the amount of losses and damages because of the willful, knowing and wanton nature of Defendants' conduct;

(7)     Awarding all costs of this action, including Plaintiff's reasonable attorney's fees and interest; and

(8)     Granting Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.

Respectfully submitted,


K. Kevin Mun (VA Bar No. 73247)
Echelon Law Group, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
Telephone: (703) 496-5000
Fax: (703) 579-0105
E-mail: kevin.mun@echelaw.com

Tae H. Kim
Echelon Law Group, PC
150 Spear Street, Suite 825
San Francisco, CA 94105
Telephone: (415) 830-9462
Facsimile: (415) 762-4191
E-mail: tae.kim@echelaw.com

Adrian M. Pruetz
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765 – 7650
Facsimile: (310) 765-7641
E-mail: ampruetz@pruetzlaw.com

Brian S. Seal
HIGHBURY CHAPMAN LLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 508-1078
Facsimile: (202) 508-1478
E-mail: bsseal@hc-iplaw.com

*Attorneys for Plaintiff SPH America, LLC*


Dated: July 6, 2009

- 38 -