cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC, a Virginia company,<br><br>Plaintiff,<br>v.<br>ACER, INC., a Taiwanese company, et al.,<br><br>Defendants. | Civil No.09cv2535 JAH (AJB)<br><br>**ORDER GRANTING JOINT MOTION FOR ORDER REGARDING ELECTRONIC DISCOVERY**<br><br>[Doc. No. 398.] |

Having reviewed and considered the parties' joint motion for order regarding electronic discovery, the Court GRANTS the parties' joint motion and ORDERS the following:

I.   FILE FORMAT

All documents should be produced in single page TIFF image with corresponding load files that identify the Bates number ranges for the beginning and ending of each document, with the exception of source code, which shall be produced in its native format pursuant to the relevant provisions of the Protective Order.  Each party will also produce corresponding optical character recognition (OCR) files for its document production. If a document exists only in paper form, then a party may produce that document in paper form with the consent of the requesting party, which shall be not unreasonably withheld.  Any party may request that any financial information relating to the sales of any accused products be produced in electronic, searchable and manipulable format to the extent such format exists, such as Microsoft Excel spreadsheets, and such request will not be unreasonably denied.

II.   ELECTRONIC DISCOVERY

A.     Format of Electronic Discovery

Subject to Sections I and III, electronic documents need not be produced in their native file formats, unless (1) a requesting party can show a justifiable need for a specific electronic document in its native format and it would not be unreasonable, unduly burdensome, or expensive for the producing party to provide the electronic document in this manner; or (2) the document is in a multimedia form (e.g., sound, graphics, animation and/or video).  Where documents fall under exceptions (1) or (2) above, such documents shall be produced in their native format on non-rewriteable media such as DVD-ROMs or CD-ROMs.  However, the Parties may later agree to produce certain information in native format to facilitate use by either side, or to make other agreements for their mutual convenience relating to the form and manner of production.

B.     Collection Methods

The Parties need not employ forensic data collection or tracking methods and technologies, but instead may make electronic copies for collection and processing purposes using widely-accepted methods or methods described in manufacturers' and/or programmers' instructions, help menus, websites, and the like (e.g., .pst's, .zip's. etc.), except when and to the extent there is good cause to believe specific, material concerns about authenticity or spoliation exist with respect to specific documents and materials.

C.     When Production is Not Required

The Parties need not search or produce electronic mail, electronic mail documentation, metadata (as used herein to refer to electronically stored information about a document that does not appear on the face of the original document if emailed or printed), audio information, or video information unless a requesting party can show a justifiable need for these secondary documents and it would not be unreasonable, unduly burdensome, or expensive for the producing party to provide the requested documents.

Materials retained primarily for back-up or disaster recovery purposes need not be searched or produced, and the Parties need not deviate from any back-up schedule or other practice they normally follow with regard to preservation of such materials (e.g., recycling of back-up tapes conducted in the ordinary course of the Parties' business operations is permitted), except when and to the extent there is good cause to believe specific responsive information may have been lost, destroyed, or inadvertently

deleted other than in accordance with a document retention policy, provided however that the party takes all other reasonable and necessary steps to ensure and comply with its obligations and duties to preserve evidence.

If a responsive document is located on a centralized server or network, an individual employee's computer, or otherwise located within a party's possession, custody or control, the producing party shall not be required to produce multiple copies of the same responsive document, absent a showing of good cause that the production of such additional copies is necessary, except where the document is part of, attached to, or comprises a section or segment of another document or has been modified.

### III.   DOCUMENT RETENTION POLICIES

The Parties will exchange copies of relevant companywide document retention policies adopted or generally recognized as such; however, the Parties will not produce "litigation hold" notices, if any, that were prepared for purposes of this litigation.

### IV.   MEDIA USED FOR PRODUCTION

Documents shall be exchanged as discussed in Part 1 on media such as DVD-ROMs, CD-ROMs, or portable hard drives.

### V.   PASSWORD-PROTECTED OR ENCRYPTED FILES

Documents that are locked by a password or encrypted as they are kept in the ordinary course of business shall be produced in a form that is unlocked or decrypted.

### VI.   ELECTRONIC SERVICE

The parties agree to accept service via electronic means (e.g., e-mail or facsimile). For documents that are not required by Local Rule 5.4(a) to be filed electronically with the Court's Electronic Filing System, service by electronic means after 11:59 p.m. Pacific Time shall be deemed service the next business day.

### VII.   BEST EFFORTS COMPLIANCE

The parties shall make their best efforts to comply with and resolve any differences concerning compliance with this stipulation.  If a producing party cannot comply with any aspect of this stipulation, such party shall inform the requesting party in writing before the time of production as to why compliance with the protocol was unreasonable or not possible. No party may seek relief from the Court

//

1 //

3 concerning compliance with the stipulation until it has conferred with the other party to this action.

5 IT IS SO ORDERED.

7 DATED: May 24, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court