1 │ Allison H. Goddard (SBN 211098)
    │ PATTERSON LAW GROUP
2 │ 402 West Broadway, 29th Floor
    │ San Diego, California  92101
3 │ Telephone:      (619) 398-4760
    │ Facsimile:      (619) 756-6991
4 │ E-Mail:          ali@pattersonlawgroup.com

5 │ Vincent P. Kovalick (*pro hac vice*)
    │ Edward  J. Naidich(*pro hac vice*)
6 │ Rajeev Gupta (*pro hac vice*)
    │ FINNEGAN, HENDERSON, FARABOW,
7 │    GARRETT & DUNNER, L.L.P.
    │ 901 New York Avenue, N.W.
8 │ Washington, D.C.  20001-4413
    │ Telephone: (202) 408-4000
9 │ Facsimile:  (202) 408-4400
    │ Email:  vince.kovalick@finnegan.com
10 │ Email: ed.naidich@finnegan.com
    │ Email:  raj.gupta@finnegan.com
11 │
    │ Aaron J. Capron (SBN 255762)
12 │ FINNEGAN, HENDERSON, FARABOW,
    │    GARRETT & DUNNER, L.L.P.
13 │ 3300 Hillview Avenue
    │ Palo Alto, California  94304
14 │ Telephone:      (650) 849-6600
    │ Facsimile:      (650) 849-6666
15 │ E-Mail:          aaron.capron@finnegan.com
    │ E-Mail:          ming.yang@finnegan.com
16 │
    │ *Attorneys for Plaintiff*
17 │ *SPH AMERICA, LLC*

18 │ (Additional counsel listed on signature page)

19 │

20 │ UNITED STATES DISTRICT COURT

21 │ SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 22 │ SPH AMERICA, LLC, | Case No. 09cv02535 JAH (MDD) |
| 23 │              Plaintiff, | **JOINT MOTION FOR** |
| | **DETERMINATION OF DISCOVERY** |
| 24 │              v. | **DISPUTE BETWEEN SPH AMERICA,** |
| | **LLC AND QUALCOMM** |
| 25 │ ACER, INC., et al., | **INCORPORATED** |
| 26 │              Defendants. | |

27 │

28 │

1    SPH America, LLC ("SPH") and Qualcomm Incorporated ("Qualcomm") hereby jointly

2  move for determination of the dispute as to whether Qualcomm must provide witnesses to testify on

3  deposition topics 1-6, 8, 10, 12-14, 18, and 19 in SPH's third-party subpoena served on Qualcomm

4  in this case.  The parties provide the following information pursuant to Judge Dembin's Chamber

5  Rules:

6    1.    **Meet and Confer Requirements:**  Counsel have met and conferred on all issues

7  relating to topics 1-6, 8, 10, 12-14, 18, and 19, but our discussions did not resolve the issues.

8  Counsel disagree as to whether they have met and conferred on topics 9, 11, and 15.

9    2.    **Discovery Requests That the Parties Agree Are in Dispute:**  The dispute involves

10  SPH's third party subpoena for deposition served on Qualcomm (attached as Exhibit 1), and in

11  particular, deposition Topics 1-6, 8, 10, 12-14, 18, and 19, which are provided as follows:

12    1. The Relevant Components provided to each of the Defendants and their
      product manufacturers or suppliers, and any Relevant Devices incorporating those
13    Relevant Components.

14
      2. The source code, structure, specification, function, operation, implementation,
15    engineering, and/or testing of the hardware and/or software responsible for,
      relates to, or is intended to implement Channel Spreading and Modulation and/or
16    Random Access in each of the Relevant Components and/or Relevant Devices.

17    3. The organization (including directory structure and use of any version control
      or document control system) and operation of the software and/or hardware
18    relating to or is intended to implement Channel Spreading and Modulation and/or
      Random Access functionality in each of the Relevant Components and/or
19    Relevant Devices, including but not limited to any changes or revisions of such
20    software and/or hardware.

21    4. The identity of each module, routine, function, call, block, segment, or part of
      source code, software, and/or hardware implementing Channel Spreading and
22    Modulation and/or Random Access functionality in each of the Relevant
      Components and/or Relevant Devices, including but not limited to any changes or
23    revisions of such software and/or hardware.

24
      5. Channel Spreading and Modulation and/or Random Access implemented in or
25    intended to be implemented in the Relevant Components and/or Relevant
      Devices.
26

27    6. The compliance of each of the Relevant Components and/or Relevant Devices
      with any standard, including standard defined by any standard setting
28

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                                    Case No. 09cv02535 JAH (MDD)

organization (including but not limited to 3GPP or 3GPP2), regarding Channel Spreading and Modulation and/or Random Access.

8. The design, revision, customization, programming, re-programming and/or modification of each of the Relevant Components, and/or of the software that is intended to implement any of the functionalities of Channel Spreading and Modulation and/or Random Access, including any design, revision, customization, programming, re-programming and/or modification done for, on behalf, or provided to any of the Defendants and their product manufacturers or suppliers.

10. Design requirements and/or specifications from any of the Defendants and their product manufacturers or suppliers regarding any of the Relevant Components.

12. Training or other information identified, used, referenced, or offered by you or at Qualcomm University concerning or referring to any of the functionalities of Channel Spreading and Modulation and/or Random Access.

13. All communications between you and any ofthe Defendants or their product manufacturers or suppliers regarding the compliance of the Relevant Components and/or Relevant Devices with any standard defined by any standard setting organization (including, but not limited to, 3GPP or 3GPP2) regarding Channel Spreading and Modulation and/or Random Access.

14. The testing, certification, and requests for testing or certification of any of the Relevant Components and/or Relevant Devices for compliance with any 3G Standard.

18. The meanings and naming of software build identification numbers, software version numbers, and advanced mobile subscriber software ("AMSS") version numbers for all Relevant Components.

19. Modifications made to different versions of Relevant Components and to different versions of source code and software that relate to or are intended to implement any of the functionalities of Channel Spreading and Modulation and/or Random Access in Relevant Components.

3.    **Discovery Requests That the Parties Disagree Are in Dispute:**  Qualcomm disagrees that topics 9, 11, and 15 are in dispute and states that it has not had an opportunity to address them in its portion of the joint brief.  Topics 9, 11, and 15 are provided as follows:

9. The use and/or incorporation of any of the Relevant Components in any of the Relevant Devices.

11. The naming convention for each of the Relevant Components.

15. All communications between you and any of the Defendants or their product manufacturers or suppliers relating to the pending case *SPH America, LLC v. Acer, Inc. et al.,* C.A. No. 3:09-cv-02535 JAH (AJB) or any of the assertions of patent infringement made by SPH America.

4.       **Response to Subpoena:**  Qualcomm objected to SPH's subpoena on June 16, 2010. (Qualcomm's objections are attached as exhibit 2.)  Qualcomm contends that topics 1-6, 8, 10, 12-14, 18, and 19 are vague, overbroad, and unduly burdensome but is willing to tender one or more witnesses to testify regarding topics that are reasonably particular.  Qualcomm objected to topics 9, 11, and 15 as vague, overbroad, unduly burdensome, seeking information outside of Qualcomm's custody or control , irrelevant, more readily available to the parties, not readily accessible, containing proprietary, confidential, trade secret, and/or private information, and/or subject to privilege, work product, common interest, joint defense, and/or other applicable privileges, protections, and/or objections.  Qualcomm's specific objections are attached hereto as exhibit 2. Qualcomm contends that topics 9, 11, and 15 are not properly at issue in this motion and had has not had a chance to address them in its brief.

5.       **Statement of Points and Authorities:**  Statements of Points and Authorities by SPH and Qualcomm, respectively, are included below.

1   **I.      STATEMENT BY SPH**

2          **A.      INTRODUCTION**

3          Qualcomm is not a typical "third party" to a litigation.  Qualcomm makes the chips that are at

4   the heart of most of the accused infringing devices in this case, and it injected itself into the case by

5   urging the Eastern District of Virginia court to transfer this case from Virginia (where Plaintiff SPH

6   is located) to the Southern District of California because the critical witnesses who best understood

7   the functionality, operation, and design of the accused infringing devices and related wireless

8   communication standards are Qualcomm employees located in San Diego.  After succeeding in

9   having the case transferred away from SPH's home state, however, Qualcomm now insists that it is

10  too burdensome for it to provide these key witnesses for deposition.  Counsel for SPH, Ed Naidich

11  and Rajeev Gupta, have met and conferred by telephone and by correspondence with Qualcomm

12  counsel Brad Waugh[1] on many occasions in an attempt to resolve this discovery dispute.  As part of

13  those discussions, SPH agreed to limit the scope of its deposition topics to the functionalities

14  identified in SPH's patent infringement contentions. Qualcomm, however, has still refused to offer

15  even a single date for any deposition of a Qualcomm witness despite SPH's repeated requests over

16  many meet and confers.  The parties thus were not able to resolve the dispute.  The parties have

17  timely filed this motion under Judge Dembin's Chamber Rules within 30 days of when this dispute

18  first arose, July 20, 2011,[2] which is the date that Qualcomm first refused to provide witnesses.

19         **B.      FACTS**

20                 **1.      Qualcomm Urged the Virginia Court to Transfer This Case to San Diego
                            Because the Witnesses Who Best Understood the Function and Operation**
21                          **of the Accused Infringing Products Are Located in San Diego**

22         Defendants moved to transfer this case from Virginia to the Southern District of California,

23  relying primarily on a declaration submitted to the court by Qualcomm's Senior Legal Counsel.

24  Based on this declaration, Defendants argued that the "critical witnesses" who best understood the

25  _____

26  [1] The meet and confer correspondence also included Qualcomm counsel Kurt Kjelland and Nicole Cunningham, who
    also represent Defendant Nokia in this case.

27  [2] Qualcomm's argument that this joint motion is untimely is difficult to fathom.  Qualcomm has continually stalled
    providing witness dates and the filing of this motion.  SPH informed Qualcomm weeks ago that it believed the 30-day
    due date for this motion was August 19, and Qualcomm has never once disagreed.  Moreover, when the subpoena was
28  served, the 30-day rule did not apply, as Judge Battaglia's Chamber Rules did not require it.

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                                          Case No. 09cv02535 JAH (MDD)

1    design, development, and operation of the accused infringing products in this case and related

2    wireless communication standards are Qualcomm employees located in San Diego:

3           San Diego-based Qualcomm, *an important third-party chip supplier to at least 19
            of the 22 defendant groups*, is located in the Southern District of California.
4           Qualcomm is the largest supplier of CDMA chips in the world.  Its CDMA
            transceiver chips provide the very functions in Defendants' products that SPH
5           accuses of infringing the over 500 claims of the five patents-in-suit.  (*See* Ex. 18
            [Qualcomm Declaration] ¶8.)  These chips were developed in the San Diego area
6           by witnesses who reside in the Southern District of California.  (*Id*. ¶9.)
            Accordingly, the persons most knowledgeable about the structure and operation
7           of the Qualcomm chipsets used in the accused devices (and any related
            confidential documents) will be found in the Southern District of California.  (*Id.*)
8           There are numerous people from design teams at Qualcomm involved with and
            knowledgeable about the development and design of these chips, including at
9           least the following individuals: . . . . These critical witnesses are in the San Diego
            area, and absent transfer, they cannot be compelled to testify at trial.  (*Id.*)
10
            ***
11
            Qualcomm was an early and active participant in the [CDMA] standards setting
12          organizations.  As a result, Qualcomm will have institutional knowledge,
            witnesses, and documents relating to and exchanged during the development of
13          the standards relevant to this action.  (*Id.* ¶10.)

14    Defs. Mot. to Transfer [Dkt. 100], at 13-14 (emphasis in original); *see also id.* at 3 ("[T]he Southern

15    District of California is the home of QUALCOMM . . . , a third-party supplier of integrated circuits

16    ('chips').  Qualcomm supplies the chips that contain the technology accused of infringement in the

17    accused products of 19 of the 22 defendant groups.  As a result, most of the relevant evidence and

18    likely witnesses will be located in California, and none in Virginia."); *id.* at 7 ("The employees of

19    third-party chip suppliers are therefore critical to any discovery into the design, development,

20    structure and operation relevant to the claimed technologies, which are at the very heart of SPH's

21    infringement claims.  Further, these employees will have information important to damages issues,

22    such as intervening rights."); *id.* at 11 ("Critical third-party witnesses reside in the San Diego area,

23    including Qualcomm personnel knowledgeable about the design and operation of the products using

24    Qualcomm chips and Qualcomm personnel involved with the early work establishing the standards

25    that are the subject of the infringement assertion. (*See* [Qualcomm Declaration] Ex. 18.).")]

26           In support of the arguments above, Qualcomm submitted a declaration to the court urging

27    that "to the extent SPH's allegations of infringement implicate the use of CDMA technology, this

28    technology is implemented in QUALCOMM chipsets" (Qualcomm Declaration [Dkt. 100-18], ¶8),

1   and that "[t]he design and development of each of these chipsets involve multiple QUALCOMM

2   personnel as members of the design teams" (*id.* ¶9).  Qualcomm also listed examples of additional

3   employees "who have knowledge regarding the standards setting organizations and [the inventors']

4   participation therein in the time frame of 1997 and 1998 . . . ." (*Id.* ¶10.)

5              **2.       Qualcomm Now Refuses to Provide Any Deposition Dates**

6          After succeeding in having the case transferred to the Southern District of California,

7   Qualcomm now refuses to provide deposition dates on the grounds that it is too burdensome.  On

8   June 3, 2010, SPH served a third-party subpoena on Qualcomm seeking production of documents

9   (including source code) and depositions on Topics numbered 1-18 that generally relate to the

10  structure, design, and development of the Qualcomm chipsets used in the accused infringing

11  products and the related wireless communication standards.  The parties agreed to proceed first with

12  discovery of documents and source code before taking depositions.  After Qualcomm produced the

13  relevant source code modules, on May 31, 2011 and June 24, 2011, SPH requested deposition dates

14  for Qualcomm witnesses on Topics 1-6, 8-15, 18, and 19.  On July 20, 2011, the parties met and

15  conferred to discuss the depositions, during which the dispute giving rise to this motion first arose.

16  SPH requested four days of depositions given that there are at least 59 different Qualcomm chipsets

17  at issue that involve voluminous and highly complex source code.  Qualcomm's counsel asserted

18  that Qualcomm would only be willing to provide one witness for one seven-hour day of deposition

19  because providing additional days would be too burdensome for a third party:

20          SPH has ample documentation and expertise to understand how Qualcomm's
        products work, and it should rely on those resources instead of imposing undue
21      burden on Qualcomm, a third party, for an extended, multi-day deposition. SPH
        should be able to answer the bulk of its questions by examining the
22      documentation Qualcomm has already provided to SPH, along with the help of
        SPH's retained experts, technical advisors at your law firm, and discovery from
23      the named Defendants in this matter. [3]

24          The parties then continued to meet and confer on many occasions to continue to try reach an

25  agreement on the scope of the depositions and the number of days.  In order to ease the burden on

26  Qualcomm in preparing its witnesses, SPH agreed to limit the deposition topics to the functionalities

27

28  _____
[3] 7/29/2011 Letter from Qualcomm counsel summarizing the parties' July 20, 2011 meet and confer.
JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                                          Case No. 09cv02535 JAH (MDD)
                                            - 7 -

1    identified in SPH's infringement contention claim charts, and sent copies of those claim charts to

2    Qualcomm's counsel.  Qualcomm eventually acknowledged that it would need three separate

3    witnesses to testify: one for analog hardware, one for digital hardware, and one for software.

4    Qualcomm continued to object to providing any deposition dates, however, on the grounds that

5    SPH's topics were too broad.

6            The parties continued to meet and confer on a number of occasions but were not able to

7    resolve essentially two major disputes.  First, Qualcomm insisted that it would not provide any

8    deposition dates until SPH agreed to limit the scope of its deposition topics to the specific sections

9    and line numbers of the source code cited in SPH's claim charts.  SPH, however, only agreed to limit

10   the scope of the deposition topics to the relevant functionalities of the Qualcomm chipsets that were

11   identified in its claim charts.  For example, one functionality identified in SPH's patent infringement

12   claim charts is the "complex spreading" circuitry, which relates to several of the asserted patents.

13   SPH believes that the witness should be prepared to testify about how complex spreading is

14   performed in the relevant chipsets, without limiting the scope of the topics to particular line numbers

15   in the source code.  Since the Qualcomm engineers know the Qualcomm source code the best, they

16   should be able to identify and explain the relevant portions of the source code and documentation.

17           As to the second dispute, Qualcomm only agreed to provide a witness for one seven-hour day

18   to testify about the digital hardware (also referred to as the "baseband chipsets") on the grounds that

19   it is a third-party and providing more than one day would be too burdensome for Qualcomm.  SPH

20   believes that 2 ½ days will be needed at a minimum because there are 39 different baseband

21   chipsets, each with its own set of voluminous and highly complex source code.

22           **C.    ARGUMENT**

23           Federal Rule of Civil Procedure § 45 allows a party to serve a subpoena commanding a non-

24   party to provide deposition testimony on specified topics.  Fed. R. Civ. P. §§ 45, 30(b)(6).  The

25   Federal Rules strongly favor full discovery whenever possible.  *See Exxon Shipping Co. v. U.S.*

26   *Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).  "The general rules of discovery apply to

27   subpoenas issued under Rule 45 , including Fed. R. Civ. P. 26(b)(1) that provides 'parties may

28   obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                                    Case No. 09cv02535 JAH (MDD)

1    party." *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, 2009 WL223585, *2-3 (S.D. Cal.

2    2009) (finding that third party "failed to meet its burden of showing that the deposition topics are

3    overbroad and/or unduly burdensome" even though topics would require multiple witnesses).

4              Rule 45's scope is not without limitation, and the rule requires that a party take reasonable

5    steps to avoid imposing undue burden or expense on persons required to respond.  See Fed. R. Civ.

6    P. 45(c).  "The party who resists discovery has the burden to show that the discovery should not be

7    allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Duhn Oil Tool,*

8    *Inc. v. Cooper Cameron Corp.*, 2009 WL 3381055, *3 (E.D. Cal. 2009) (citation omitted) (rejecting

9    third party's argument that a subpoena was unduly burdensome where the requested information was

10   not readily available from the Plaintiff).  Qualcomm cannot meet this burden.

11             In this case, Qualcomm itself insisted to the Virginia court that the critical witnesses who

12   best understood the design, development, structure and operation of the relevant portions of the

13   accused infringing products that are at the heart of SPH's patent infringement claims are Qualcomm

14   employees located in San Diego.  Thus, Qualcomm cannot dispute that the information sought by

15   SPH is highly relevant.  SPH has also taken reasonable steps to avoid imposing undue burden or

16   expense on Qualcomm, by agreeing to limit the deposition topics to the functionalities identified in

17   SPH's claim charts. Qualcomm' s refusal to provide deposition dates is also based on objections

18   which are premature.  SPH intends to only ask reasonable questions about the functionalities of the

19   Qualcomm chipsets identified in SPH's infringement claim charts.  If the witness is a Qualcomm

20   engineer who is knowledgeable about the function and operation of the Qualcomm chipsets at issue,

21   he or she should be able to answer those questions.   SPH does not intend to ask obscure questions

22   that no witness would be expected to know.  If a dispute arises later about whether the witness was

23   adequately prepared on the noticed topics, the parties can then address that dispute with the Court

24   with briefing that is more focused as to whether SPH's questions were reasonable. Accordingly, SPH

25   respectfully requests that this Court order Qualcomm to make witnesses available by September 9,

26   2011, to testify on deposition topics 1-6, 8-15, 18 and 19 in accordance with Federal Rules of Civil

27   Procedure 30(b)(6), 37 and 45.

28

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                                      Case No. 09cv02535 JAH (MDD)

1    **II.    STATEMENT BY QUALCOMM**

2         Qualcomm is not a party to this action.  It merely supplies wireless communication chipsets

3    to the Defendants.  While the structure and operation of certain portions of Qualcomm's chips may

4    be relevant to this action, SPH's subpoena goes far beyond that, requesting a broad swath of

5    information about Qualcomm and its customers using vague, obscure language that it refuses to

6    clarify.  To be clear:  Qualcomm is not refusing to tender a witness, and SPH's suggestion otherwise

7    is simply erroneous.  Qualcomm has produced tens of thousands of pages plus gigabytes of source

8    code to SPH, and it stands willing to provide 30(b)(6) deposition testimony, too.  It merely asks that

9    SPH clarify and narrow its 30(b)(6) topics such that they are "reasonably particular."

10         SPH also improperly seeks to exceed the normal "one day" deposition rule.  SPH's demand

11   is unreasonable, especially here, where Qualcomm is a nonparty, its chips are substantially similar,

12   and SPH could rely on experts to explain Qualcomm's documents.

13         SPH's request for relief is also untimely, as this dispute arose on June 16, 2010, when

14   Qualcomm served its objections, or, alternatively, on July 10, 2011, when Qualcomm most recently

15   asked SPH to meet and confer over the topics.

16        **B.    SPH's Proposed Topics Are Not Reasonably Particular Per 30(b)(6)**

17             **1.    SPH's Proposed Deposition Topics Are Vague and Overbroad**

18         Federal Rule of Civil Procedure 30(b)(6) states that deposition subpoena must describe the

19   matters for examination "with reasonable particularity."[4]  But SPH's topics are highly vague and

20   overbroad, falling far short of the requisite specificity.

21         One problem is that many of the topics use vague terminology that renders them

22   meaningless.  For example, Topic 5 fails to specify how to determine whether something is

23   "implemented or intended to be implemented" or whose "intent" the topic refers to.  Topics 6 and 14

24   addresses "compliance" with industry standards.  But they do not define "compliance" with a

25   standard, a key failure given the lack of any universally accepted definition and the fact that

26   standards routinely define optional features.  Topic 12 refers to training "or other information."

27   

28   [4] Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party … must describe with reasonable particularity the matters for examination.").

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                                            Case No. 09cv02535 JAH (MDD)

1    Topic 18 seeks the "meaning" of Qualcomm's software information; at any rate, Qualcomm has

2    already produced documents specifying the requested build and AMSS numbers.

3            Another problem is that SPH's topics state a broad subject area but fail to specify what,

4    exactly, SPH wants to know about the subject.  For example, Topic 1 fails to specify what SPH

5    wants to know about the so-called Relevant Components and Relevant Devices.[5]  Topic 2 fails to

6    specify what SPH wants to know about the source code, etc.  Other topics have similar problems.

7            Many of the topics contain open-ended language that broaden them indefinitely.  For

8    example, Topic 1 fails to exclude components and devices made, used, and sold outside the U.S.,

9    which are irrelevant.  Topics 6 and 14, among others, arguably cover every industry standard that

10   ever existed.  All of the topics rely on defined terms that further obscure and broaden the topics.  For

11   example, SPH's definition of "Channel Spreading and Modulation" relies on phrases such as

12   "including but not limited to," "similar functionality," "compliance or accordance with," etc.,

13   rendering them vague and virtually limitless.  SPH's definitions for "Random Access," "Relevant

14   Components," and "Relevant Devices"[6] employ similarly vague phrases like "any," "not limited to,"

15   "similar to or related," and "intended to implement."

16           Most of the topics go far beyond the structure and operation of Qualcomm's chips.  Topic 3

17   fails to state why arcane details about changes and revisions to the code matter—when Qualcomm

18   has already produced the final versions of its source code and schematics that define how its chips

19   work in Defendants' devices.  Topics 8 and 19 have similar problems, failing to explain why

20   customization, re-programming, and modification are relevant.  Topic 12 is hopelessly vague, and it

21   is unclear how Qualcomm's training classes relate to the chips at issue.  For Topic 13, it is unclear

22   how Qualcomm could prepare a witness to discuss "all communications" it has had with the

23   Defendants; at any rate, SPH could obtain such discovery from the Defendant-parties.

24                   **2.        SPH Has Not Meaningfully Narrowed or Specified the Topics**

25           After multiple attempts to meet-and-confer, SPH eventually offered to limit its topics to

26   "issues relating to" "functionalities" identified in certain claim charts and exhibits it had provided

27   _____
     [5] "Relevant Components" and "Relevant Devices" are SPH's defined terms, and Qualcomm does not concede that such
     components and devices are actually relevant.
28   [6] SPH Subpoena, Attachment A, pp 4-10.

     JOINT MOTION FOR DETERMINATION
     OF DISCOVERY DISPUTE                                                          Case No. 09cv02535 JAH (MDD)

1  Qualcomm.  But those claim charts and exhibits span more than 175 pages of dense technical

2  language, and SPH refused to define "functionalities" or to explain what it meant by "issues relating

3  to" such functionalities.  And key terms like "complex spreading" in the claim charts do not

4  necessarily have only one definition—yet SPH refuses to elaborate.  SPH also refused to limit the

5  topics to the documents cited in those claim charts,[7] leaving Qualcomm to guess the subjects on

6  which to prepare its witness(es).  Accordingly, SPH's proposed "limitations" were not limitations at

7  all, but merely a recasting of its original, vague and overbroad topics.

8                    **3.        Qualcomm's Proposed Compromise**

9         In an effort to compromise, Qualcomm offered to provide testimony that would give what

10  SPH stated during meet-and-confer was its most important objective:  understanding how

11  Qualcomm's products perform the technologies at issue.[8]  Qualcomm has produced three types of

12  technical documentation that directly define how its products work:  VHDL source code defines the

13  digital circuitry, RF schematics define the analog circuitry, and DSP source code defines the relevant

14  software.  Qualcomm offered to provide one witness qualified to authenticate and/or testify about

15  each.  Furthermore, as the only clear guidance SPH has provided to Qualcomm about which portions

16  of the VHDL and DSP source code are relevant to this action is the specific portions of those

17  documents cited in its claim charts, Qualcomm agreed to prepare its witnesses to be particularly

18  familiar with the identified source code sections and documents.  SPH refused Qualcomm's offer,

19  though Qualcomm remains willing to proceed on this basis.

20         **C.        SPH'S DEMAND FOR A MULTI-DAY DEPOSITION IS EXCESSIVE AND UNNECESSARY**

21         At SPH's request, Qualcomm has agreed to provide its RF-schematic witness for a half day

22  of testimony and its DSP-code witness for up to one day.  For Qualcomm's VHDL-code witness,

23  however, SPH insists that it needs at least 2½ days and that it might need more.[9]  But a 30(b)(6)

24  deposition may not exceed one day of seven hours per designee, and SPH offers no compelling

25  reason to exceed that limit.  (William W. Schwartzer et al., California Practice Guide:  Federal Civil

---

[7] 8/5/11 letter from Naidich to Waugh.

[8] 8/3/11 letter from Waugh to Gupta.

[9] 8/5/11 letter from Naidich to Waugh ("We may also need to ask for additional dates if four days turns out to be insufficient.").

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                          Case No. 09cv02535 JAH (MDD)

1  Procedure Before Trial (Calif. & 9th Cir. Ed.) [hereinafter "Schwartzer"] at 11:1417 ("The noticing

2  party *may question each designee for up to seven hours*") (emphasis original).)

3       SPH argues that it needs multiple days with the VHDL witness given the multiple Qualcomm

4  chips at issue.  This ignores the fact that many of Qualcomm's chips share circuitry that is similar or

5  the same, allowing SPH to cover multiple chips simultaneously.  In fact, Qualcomm has produced

6  documentation showing that some chip models share identical circuitry.[10]  And SPH has, on its own,

7  categorized the chipsets into six distinct "Types"[11] and stated its "belie[f] that chipsets in each Type

8  work the same for the purposes of our infringement contentions."[12]  SPH plans to take further

9  depositions of Qualcomm on similar subjects.[13]  Accordingly, SPH has not shown that it truly needs

10  more than the maximum one-day for Qualcomm's VHDL witness.  Rather, SPH should rely on its

11  retained experts and outside technical advisors to explain the bulk of Qualcomm's code and take

12  advantage of the substantial similarities among Qualcomm's chips to streamline the deposition.

13       **D.**    **SPH'S REQUESTED RELIEF WOULD UNDULY BURDEN NONPARTY QUALCOMM**

14       A court may deny a motion to compel a discovery request that is unreasonably cumulative,

15  duplicative, burdensome, or expensive or where the burden or expense of the discovery outweighs its

16  likely benefit.[14]  SPH's failure to specify or narrow its vague, overbroad topics imposes an undue

17  burden and expense to prepare one or more witnesses to testify regarding those topics.  And since

18  Qualcomm's VHDL code, RF schematics, and DSP code definitively explain how its chips work,

19  SPH need do little more than ask the witnesses to authenticate and explain those documents.  SPH

20  should be able to investigate its remaining questions, e.g., regarding end-user devices and standards-

21  compliance, through discovery on the Defendants.  This is especially true given that Qualcomm is a

[10] 8/3/11 letter from Waugh to Gupta (identifying by Bates number documentation listing the Qualcomm chips containing the same or similar die circuitry and linking those chips to the directory paths for corresponding source code made available for inspection).

[11] 8/5/11 letter from Naidich to Waugh ("We also agreed to provide you our classification of Qualcomm chipsets into six 'Types.'").

[12] 8/5/11 letter from Naidich to Waugh.

[13] 8/5/11 letter from Naidich to Waugh ("Additionally, we may also later serve subpoenas for the personal depositions of the witnesses identified by Qualcomm in its declaration as having knowledge relevant to this case.").

[14] Schwartzer at 11:543; *id.* at 11:2379.7 ("A motion to compel may be denied on the ground that the discovery sought would impose an 'undue burden' on the responding party or that its benefits are outweighed by its burdens") (citations omitted).

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE       Case No. 09cv02535 JAH (MDD)

1  nonparty and thus "enjoy[s] greater protection from discovery than normal parties,"[15] a policy long

2  recognized by the Ninth Circuit.[16]

3       To be clear, Qualcomm has not claimed it would be too burdensome for the witnesses

4  identified in its Virginia declaration to appear for personal depositions.  Indeed, SPH has yet to

5  subpoena those witnesses.  If and when SPH does so, Qualcomm will respond accordingly.  Until

6  then, that issue is irrelevant to the present dispute:  scheduling the 30(b)(6) designee(s).

7       **E.       SPH'S MOTION IS UNTIMELY**

8       SPH's request for relief is also untimely.  This dispute arose on June 16, 2010, when

9  Qualcomm served its objections.  Qualcomm's objections declined to produce any witness(es) for

10  topics 1-6, 8, 10, 12-14, 18, and 19 unless the parties could limit the categories to a reasonable scope

11  through meet-and-confer.  By waiting over a year to resolve this issue, SPH has waived its right to

12  compel testimony on its defined topics.  Nor has SPH satisfied Your Honor's 30-day rule, which

13  requires the filing of a motion "no later than thirty (30) days after the date upon which the event

14  giving rise to the dispute occurred."[17]  Alternatively, this dispute arose at least by July 10, 2011, over

15  30 days ago, when Qualcomm asked SPH for the second time to meet and confer.[18]

16       **F.       CONCLUSION**

17       SPH should be denied any relief at all since its motion is untimely.  At the very least, it

18  should not be allowed to proceed on the vague, overbroad deposition topics defined in its subpoena

19  or to depose any Qualcomm witness for multiple days.  Rather, SPH should be limited to the

20  structure and operation of the specific VHDL source code, DSP source code, and RF schematics

21  cited in its claim charts and to a maximum of one day of deposition for Qualcomm's VHDL witness,

22  one day for its DSP witness, and ½ day for its RF witness.

23

24  [15] Laxalt v. C.K. McClatchy, 116 F.R.D. 455, 458 (D. Nev. 1986).

25  [16] Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980).  *See also* Collins & Aikman Corp. v. J.P. Stevens & Co., 51 F.R.D. 219, 221 (D.S.C. 1971) (nonparties are "entitled to considerable protection from the court").

26  *Accord*, Schwartzer at 11:1074 ("When discovery is sought from *third parties*, a protective order may be more easily obtained.").

27  [17] Qualcomm applies the rule applicable to "written discovery" rather than "oral discovery," since the deposition has not begun and the dispute relates to Qualcomm's written objections.

28  [18] 7/10/11 email from Waugh to Capron.

5.       **Certification and Authorization:**  The parties agree and certify that the content of this document is acceptable to all persons required to sign it, and SPH America, LLC's counsel has been given authorization to add the electronic signature of Qualcomm's counsel on this joint motion.

Respectfully submitted,

Dated:  August 19, 2011                      By:/s/ Allison H. Goddard
                                             Allison H. Goddard (SBN 211098)
                                             PATTERSON LAW GROUP
                                             402 West Broadway, 29th Floor
                                             San Diego, California  92101
                                             Telephone:(619) 398-4760
                                             Facsimile: (619) 756-6991
                                             E-Mail:    ali@pattersonlawgroup.com

                                             Vincent P. Kovalick (pro hac vice)
                                             James T. Wilson (pro hac vice)
                                             Edward  J. Naidich(pro hac vice)
                                             Rajeev Gupta (pro hac vice)
                                             Troy E. Grabow (pro hac vice)
                                             FINNEGAN, HENDERSON, FARABOW,
                                               GARRETT & DUNNER, L.L.P.
                                             901 New York Avenue, N.W.
                                             Washington, D.C.  20001-4413
                                             Telephone: (202) 408-4000
                                             Facsimile:  (202) 408-4400
                                             Email:  vince.kovalick@finnegan.com
                                             Email:  james.wilson@finnegan.com
                                             Email:  ed.naidich@finnegan.com
                                             Email:  raj.gupta@finnegan.com
                                             Email:  troy.grabow@finnegan.com

                                             Aaron J. Capron (SBN 255762)
                                             Ming-Tao Yang (SBN 221295)
                                             FINNEGAN, HENDERSON, FARABOW,
                                               GARRETT & DUNNER, L.L.P.
                                             3300 Hillview Avenue
                                             Palo Alto, California  94304
                                             Telephone: (650)849-6600
                                             Facsimile: (650) 849-6666
                                             Email: aaron.capron@finnegan.com
                                             Email: ming.yang@finnegan.com

                                             Attorneys for Plaintiff
                                             SPH America, LLC

1                                RESPECTFULLY SUBMITTED,

2

3  Dated:  August 19, 2011                    By:/s/ Bradley A. Waugh
                                       COOLEY LLP

4                                      STEVEN M. STRAUSS (99153)
                                     (sms@cooley.com)

5                                      JOHN S. KYLE (199196)
                                     (jkyle@cooley.com)

6                                      4401 Eastgate Mall
                                     San Diego, CA 92121

7                                      Telephone:  (858) 550-6000
                                     Facsimile:  (858) 550-6420

8

9                                      COOLEY LLP
                                     BRADLEY A. WAUGH (220964)

10                                    (bwaugh@cooley.com)
                                   Five Palo Alto Square

11                                    3000 El Camino Real
                                   Palo Alto, CA  94306-2155
                                   Telephone:  (650) 843-5000

12                                    Facsimile:  (650) 849-7400

13                                    Attorneys for Nonparty Defendant
                                   QUALCOMM INCORPORATED

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                            Case No. 09cv02535 JAH (MDD)

1

**CERTIFICATE OF SERVICE**

2
The undersigned hereby certifies that on August 19, 2011, a true and correct copy of the

3
above and foregoing document has been served on all parties via CM/ECF, and on the above-listed

4
counsel for Qualcomm by electronic mail.

5

6
By:/s/ Allison H. Goddard

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE                                                          Case No. 09cv02535 JAH (MDD)