Index of Exhibits

Case No. 09cv2535-JAH-MDD
*SPH America, LLC v. Acer, Inc.*

Joint Motion of SPH America, LLC and Qualcomm Incorporated
for Determination of Discovery Disputes

| Exhibit | Description | Page |
|---------|-------------|------|
| 1 | SPH America, LLC's Subpoena to Qualcomm Incorporated | 000001 |
| 2 | Qualcomm Incorporated's Response to SPH America, LLC's Subpoena | 000025 |

# Exhibit 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | |
|---|---|
| SPH America, LLC <br> *Plaintiff* <br> v. <br> Acer, Inc., et al., <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.   3:09-cv-02535 JAH (AJB)

(If the action is pending in another district, state where: _____ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Qualcomm, Inc.
     5775 Morehouse Drive, San Diego, CA 92121

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

        See Attachments A and B.

| Place:  Allison H. Goddard <br> Jaczko Goddard LLP <br> 4401 Eastgate Mall, San Diego, CA 92121 | Date and Time: <br><br> 06/17/2010 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  6/3/10

CLERK OF COURT

                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     SPH America, LLC
_____ , who issues or requests this subpoena, are:

Lily Lim
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
3300 Hillview Avenue, Palo Alto, CA 94304 Tel:  (650) 849-6600 lily.lim@finnegan.com

EXHIBIT 1
000001

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:09-cv-02535 JAH (AJB)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT 1
000002

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT 1
000003

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of California

| | |
|---|---|
| SPH America, LLC<br>*Plaintiff*<br>v.<br>Acer, Inc., et al.,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   3:09-cv-02535 JAH (AJB)

(If the action is pending in another district, state where:
                                                                )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Qualcomm, Inc.
5775 Morehouse Drive, San Diego, CA 92121

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachments A and C

| Place:  Jaczko Goddard LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121 | Date and Time:<br><br>06/23/2010 9:00 am |
|---|---|

The deposition will be recorded by this method:   by stenographic, video, and audio means.

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  6/3/10

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   SPH America, LLC
                                                                , who issues or requests this subpoena, are:
Lily Lim
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
3300 Hillview Avenue, Palo Alto, CA 94304 Tel:  (650) 849-6600 lily.lim@finnegan.com

EXHIBIT 1
000004

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:09-cv-02535 JAH (AJB)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                      _____
                                            *Printed name and title*

                                      _____
                                            *Server's address*

Additional information regarding attempted service, etc:

EXHIBIT 1
000005

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT 1
000006

**ATTACHMENT A**

**DEFINITIONS**

1.    "SPH America" means SPH America, LLC, and includes any of its directors, owners, officers, partners, shareholders, members, employees, contractors, agents, attorneys, representatives, and any other persons under its control, as well as all of its parents, divisions, subsidiaries, predecessors, successors, and assigns.

2.    "You" and "your" means Qualcomm, Inc. and all predecessors and/or successors and assigns thereto; all affiliated or related companies thereof; each division or subsidiary thereof; all parents thereof, whether wholly or partially owned; and its directors, owners, officers, partners, shareholders, members, employees, contractors, agents, attorneys, representatives, and any other persons under its control.

3.    "Defendant" means any of the defendants named in *SPH America, LLC v. Acer, Inc. et al.*, C.A. No. 3:09-cv-02535 JAH (AJB), including Acer, Inc., Acer America Corporation, Dell Inc., Fujitsu America, Inc., Fujitsu Ltd., General Dynamics Itronix Corp., Hewlett Packard Co., Motorola, Inc., Nokia Corporation, Nokia Inc., Novatel Wireless Solutions, Inc., Novatel Wireless Technology, Inc., Option NV, Option Wireless USA, Inc., Palm, Inc., Panasonic Corporation, Panasonic Corporation of North America, Personal Communications Devices LLC, Personal Communications Devices Holdings, LLC, Sierra Wireless, Inc., Sierra Wireless America, Inc., Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA) Inc., and UTStarcom, Inc.

4.    "Document" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34 and includes, but is not limited to, all of the items defined in Federal Rule of Evidence 1001, and non-identical copies and preliminary and final drafts of any such item,

1

EXHIBIT 1
000007

including all types of electronically stored information, and all written, electronic, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mails, e-mails, and all other documents evidencing any verbal or nonverbal interaction between persons and entities. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate document.

5.     "Thing" has the meaning set forth in Federal Rule of Civil Procedure 34 and includes any kind of sample, model, article, device, apparatus, physical specimen, or any other tangible item, other than a document.

6.     "Communication," or any variant thereof, means any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons, and includes all written, oral, telephonic or other inquires, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, notes, telegrams, advertisements, computer mail and email, and all other documents and things evidencing any verbal or nonverbal interaction between persons and entities.

7.     "Including" means including without limitation.

8.     "Referring to," "relating to," "concerning," "in connection with," or "reflecting" a particular subject shall be construed in its most inclusive sense, given its broadest possible meaning, and shall be considered a request that you produce documents that relate to, refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, consist of, comprise, show, comment on, evidence, describe, or in any other way concern the subject matter.

2

EXHIBIT 1
000008

9.     To "identify" a person means to provide, to the extent known, (a) the person's full name, (b) present or last known home address, (c) present or last known business/employment address, and (d) present or last known title, position, and business affiliation.

10.     To "identify" a document means to state, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).  Documents to be identified shall include documents for which privilege or work product of any kind is asserted.  Any copy or excerpt of a document that bears any notes, additions, insertions, deletions, or other markings of any kind is to be considered a separate document for purposes of responding to these interrogatories.

11.     To "identify" or to state "the identity of" an event, oral statement, or other communication means to state (a) the identity of all persons present or participating; (b) the location where the statement or communication was made; (c) the method of communication (*e.g.*, meeting, telephone call, *etc.*); (d) the substance of what was said by each individual; (e) whether any mechanical, electrical, or magnetic recordings or written records were made and the locations of any such recordings or records; (f) the identity of any documents referenced, referred to, relied upon, or created in connection with the event; and (g) the date, time, and place of such event, statement, or communication.

12.     "And" or "or" shall be construed conjunctively or disjunctively, and singular or plural forms of words shall be construed as plural or singular, as necessary to make the request inclusive rather than exclusive; "any" shall mean "any and all;" and "each" shall mean "each and every."

13.     The use of the word "the" shall not be construed as limiting the scope of any request.

3

EXHIBIT 1
000009

14.     All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case to make the request more inclusive.

15.     The use of a verb in any tense shall be construed as the use of a verb in all other tenses.  By way of example, "persons who sell" means persons who presently sell, sold in the past, or will sell in the future.

16.     The use of the singular form of any word shall include the plural and vice-versa.

17.     Any use of gender includes both genders.

18.     "Relevant Components" means any or all chipsets, processors, or other components which (i) were or will be sold or provided by you to (or manufactured by you for) any of the Defendants, and (ii) implement or are intended to implement any of the functionalities of Channel Spreading and Modulation and/or Random Access.  Relevant Components includes, but is not limited to, the following products which, upon information and belief, have been sold or otherwise provided by you directly or indirectly to at least one Defendant, or incorporated into at least one of the Defendants' products, including those incorporated into Relevant Devices and including but not limited to MSM5100, MSM5105, MSM5500, MSM6050, MSM6055, MSM6100, MSM6125, MSM6275, MSM6280, MSM6281, MSM6290, MSM6300, MSM6500, MSM6550, MSM6571, MSM6575, MSM6800, MSM6800A, MSM6801A, MSM7200, MSM7200A, MSM7201, MSM7201A, MSM7225, MSM7501A, MSM7627, MSM8200, MDM1000, MDM2000, MDM8200, QSC6055, QSC6075, QSC6085, QSC6801, and CSP543. Relevant Components also include any other products similar or related to those listed in this Definition, including each version of any Relevant Component.

19.     "Relevant Devices" means any or all wireless communication devices which (i) are capable of implementing or intended to implement any of the functionalities of Channel

4

EXHIBIT 1
000010

Spreading and Modulation and/or Random Access, and (ii) incorporate or use any Relevant

Component. Relevant Devices include any product incorporating or using a Relevant

Component that is believed to be compliant with any part of the International

Telecommunication Union ("ITU") family of standards under the International Mobile

Telecommunications-2000 ("IMT-2000") global standard for third generation wireless

communications ("3G"), including but not limited to WCDMA and cdma2000, and which have

been or are currently being made, used, offered for sale, or sold in the U.S. by or on behalf of

Defendant. Relevant Devices include, but are not limited to:

a. the Aspire One made or sold by Acer, Inc. and/or Acer America Corporation;

b. the Wireless 5500 Mobile Broadband Card, Wireless 5520 Mobile Broadband
   Card, Wireless 5530 Mobile Broadband Card, Wireless 5600 Mobile Broadband
   Card, Wireless 5620 Mobile Broadband Card, Wireless 5700 Mobile Broadband
   Card, Wireless 5720 Mobile Broadband Card, Wireless 5730 Mobile Broadband
   Card, Adamo, Alienware M11x, ATG, Inspiron 11z, Inspiron 1420, Inspiron
   1525, Inspiron 1720, Latitude D430, Latitude D630, Latitude D630c, Latitude
   D631, Latitude D830, Latitude E4200, Latitude E4300, Latitude E5400, Latitude
   E6400, Latitude E6400 ATG, Latitude E6500, Latitude XT, Latitude XT2,
   Latitude Z, Mini 10, Mini 10v, Precision M2300, Precision M2400, Precision
   M4300, Precision M4400, Precision M6400, Precision M6400 Covet, Precision
   M6500, Precision M6500 Covet, Studio 14z, Studio 15, Studio 17, Studio XPS
   13, Studio XPS 16, Vostro (1520), XFR, XPS M1210, XPS M1330, and XPS
   M1730 wireless communication devices made or sold by Dell, Inc.;

5

EXHIBIT 1
000011

c.  the LifeBook E780, LifeBook E8420, LifeBook T1010, LifeBook T2020, LifeBook T5010, LifeBook P1630, and LifeBook U820 wireless communication devices made or sold by Fujitsu America, Inc. and/or Fujitsu Ltd.;

d.  the GD6000, GD8000, GoBook MR-1, and GoBook XR-1 wireless communication devices made or sold by General Dynamics Itronix Corp.;

e.  the Compaq 6530b, Compaq 6535b, Compaq 6730b, Compaq 6735b, Compaq Mini 102, EliteBook 2530p, EliteBook 2730p, EliteBook 6930p, EliteBook 8440p, EliteBook 8440w, EliteBook 8530p, EliteBook 8530w, EliteBook 8540p, EliteBook 8540w, Mini 2102, Mini 5101, Mini 5102, ProBook 4310s, ProBook 4510s, ProBook 5310m, ProBook 6440b, ProBook 6445b, ProBook 6545b, HP un2400 Mobile Broadband Card, and HP un2420 Mobile Broadband Card wireless communication devices made or sold by Hewlett Packard Co.;

f.  the 120X, A455 Rival, A555 DEVOUR, A830, A835, A840, A845, A1000, C24, C290, C975, C980, C341, C343, ic402, ic502, ic602, MOTO XT800, MOTO VU204, MOTO VE240, MOTO VE465, MOTO Q, MOTO Q Global, MOTO Q Music 9m, MOTO Q9c, MOTO Q9h Global, MOTO Z6c, MOTO Z9, MOTORAZR V3a, MOTORAZR V3c (MS500), MOTORAZR V3m, MOTORAZR V3s, MOTORAZR V3x, MOTORAZR V3xx, MOTORAZR VE20, MOTORAZR Maxx Ve, MOTORAZR Maxx V6, MOTORAZR2 V9, MOTORAZR2 V9m, MOTORAZR2 V9x, MOTORIZR Z6tv, MOTOROKR Z6m, MOTOKRZR K1m (MS700), MOTOSLVR L7c, MOTOSURF A3100, V60p, V60v, V60x, V65p, V120e, V260, V262, V265, V266, V276, V323, V323i, V325, V325i, V510, V710, V750 Adventure, V810, V860 Barrage, V950,

6

EXHIBIT 1
000012

V975, V980, V1100, VA76r Tundra, VU30 Rapture, M710, M800, M800 Bag

Phone, T300p, T720, T730, T731C, MB200 CLIQ, CLIQ XT, MB300 Backflip,

DROID, W315, W385, W755, W760r, W766 Entice, W845 Quantico, E310,

E815, E816 Hollywood, E1000, QA1 Karma, QA30 Hint, QA4 Evoke, ZN4

Krave, and Crush wireless communication devices made or sold by Motorola,

Inc.;

g.   the 1606, 2135, 3606, 3710, 3711, 5320, 5610, 5630, 5700, 5730, 5800, 6110,

6151, 6205, 6212, 6263, 6267, 6280, 6282, 6288, 6350, 6555, 6630, 6650, 6651,

6680, 7390, 7900, 2605 Mirage, 2730 Classic, 3120 Classic, 3710 Fold, 6120

Classic, 6220 Classic, 6500 Classic, 6500 Slide, 6600 Slide, 6600i Slide, 6650

Fold, 6750 Mural, 6760 Slide, 6790 Surge, 7205 Intrigue, 7705 Twist, Booklet

3G, E51, E52, E60, E61, E61i, E63, E65, E66, E70, N70, E71, E71x, E72, E75,

E90, N70, N71, N73, N75, N76, N77, N78, N79, N80, N81, N82, N85, N86 8MP,

N90, N91, N92, N93, N93i, N95, N95 8GB, N95-3 NAM, N96, N96-3, N97, N97

mini, N900, and X6 wireless communication devices made or sold by Nokia

Corporation and/or Nokia Inc.;

h.   the Ovation MC727, Ovation MC760, Ovation U727, Ovation U760, Ovation

MC930D, Ovation MC935D, Ovation MC950D, Ovation MC990D, Ovation

MC996D, Ovation MC998D, S720, MCD3000, Merlin XV620, Merlin PC720,

Merlin X720, Merlin EX720, Merlin CC760, Merlin U740, Merlin XU870,

Merlin X950D, Expedite E725, Expedite EU860D, Expedite E760, MiFi2200,

MiFi2352, and MiFi2372 wireless communication devices made or sold by

Novatel Wireless Solutions, Inc. and/or Novatel Wireless Technology, Inc.;

7

EXHIBIT 1
000013

i.  the Globesurfer III, Globetrotter Express 441, Globetrotter Express 442, Globetrotter Express HSUPA E, Globetrotter Express HSUPA W, Globetrotter GT Max HSUPA E, Globetrotter GT Max HSUPA W, GT Ultra, GT Ultra Express, GTM 380, GTM 382 AWS, GTM 382 E, GTM 382 W, GTM 501, iCon 210, iCon 225, iCon 315, iCon 322, iCon 401, iCon 431, iCon 451, iCon 452, iCon 505, iCon 505M, iCon XY, Quicksilver, Gobi 1000, and Gobi 2000 wireless communication devices made or sold by Option NV and/or Option Wireless USA, Inc.;

j.  the Pre, Pre Plus, Pixi, Pixi Plus, Centro, Treo 700wx, Treo 755p, Treo 800w, and Treo PRO wireless communication devices made or sold by Palm, Inc.;

k.  the Toughbook H1 Field, Toughbook H1 Health, Toughbook 19, Toughbook 30, Toughbook 52, Toughbook 74, Toughbook F8, Toughbook H1, Toughbook H1 Field, Toughbook H1 Health, Toughbook T8, Toughbook U1, and Toughbook W8 wireless communication devices made or sold by Panasonic Corporation and/or Panasonic Corporation of North America;

l.  the C711ORX, C711SL, C721, CDM1450, CDM7026, CDM7075, CDM8074VM, CDM8630, CDM8630VW, CDM8905, CDM8932, CDM8935, CDM8950, CDM8955, CDM8960, CDM8964, CDM8975PTT, PCS1450, PLS7075, TXT8010, Txt8026c, TXT8030, WP8990, and GTX75 wireless communication devices made or sold by Personal Communications Devices LLC and/or Personal Communications Devices Holdings, LLC;

m.  the AC875, Aircard USB 301/302, Aircard USB 305, Aircard USB 308, Aircard USB310U, Aircard 402, Aircard 501, Aircard 503, Aircard 595, Aircard 597,

8

EXHIBIT 1
000014

Aircard W801 Mobile Hotspot, Aircard 880/881, Aircard 880E/881E, Fastrack Xtend CDMA 1xRTT, Fastrack Extend HSPA, Helix RT, Junxion Box, MC5725/MC5725V, MC5727/MC5727V, MC5728V, MC8301V, MC8700, MC8775, MC8775V, MC8780/8781, MC8790, MC8790V, MC8792V, MC8795V, MP 595, MP 595W, MP 597, MP 875, MP 880W/881W, MP 890, PinPoint X HSUPA, PinPoint X EVDO, PinPoint XT, Raven X HSUPA, Raven XE, Raven Ethernet CDMA, Raven X EVDO, Raven XT CDMA, USB 306/307, USB598, Q26 Elite, Q26 Extreme, Compass 597, Compass 885 (AC885), Compass 888/889, Apex 880, and Mercury wireless communication devices made or sold by Sierra Wireless, Inc. and/or Sierra Wireless America, Inc.;

n.   the C510a, C901, C901a Greenheart, C902, C905a, EC400, EC400g, K608i, K618i, K800i, K850i, M600i, MD300, MD400, MD400g, Naite, P1i, P990i, Satio, T715, TM506, W518a, W705, W705a, W760a, W850i, W880i, W950i, W995a, X1, Xperia Pureness (X5), Xperia X10, Xperia X10i, Xperia X1a, Yari, Z610i, Z750a, and Z780 wireless communication devices made or sold by Sony Ericsson Mobile Communications AB and/or Sony Ericsson Mobile Communications (USA) Inc.;

o.   the CDM7126, CDM7126M, CDM8955, UM175, and Quickfire/GTX75 wireless communication devices made or sold by UTStarcom, Inc.

20.   "3G Standard" means any part of the International Telecommunication Union family of standards under the International Mobile Telecommunications-2000 global standard for third generation wireless communications, including but not limited to the WCDMA and cdma2000 standards.

9

EXHIBIT 1
000015

21.    "Channel Spreading and Modulation" refers to methods, algorithms, operations, and/or structures of the channelizing, spreading, and/or modulation performed to the communication channels as described in, including but not limited to, channelization, spreading, modulation, or similar functionality performed in compliance or accordance with the 3GPP and 3GPP2 standards, including but not limited to the following subsections 3GPP2 C.S0002 Physical Layer Standard for cdma2000 Spread Spectrum Systems, § 2.1.3 Modulation Characteristics, 3GPP2 C.S0024 cdma2000 High Rate Packet Data Air Interface Specification, § 9.2.1.3 Modulation Characteristics, 3GPP2 C.S0024, §§ 12.2.1.3 and 13.2.1.3 Modulation Characteristics, and/or 3GPP TS 25.213 Spreading and modulation (FDD).

22.    "Random Access" refers to methods, algorithms, operations, and/or structures of the Random Access Channel (RACH) as described in, including but not limited to, 3GPP TS 25.211, §§ 4.1.2.4 RACH – Random Access Channel, and 5.2.2 Common uplink physical channels, and/or 3GPP TS 25.214, § 6 Random access procedure, and/or any channel access procedure using a preamble.

23.    "WCDMA" refers to any 3G communication standard recognized by the ITU or any other standard body, including but not limited to Universal Mobile Telecommunications System ("UMTS") and/or 3rd Generation Partnership Project (3GPP).

24.    "cdma2000" refers to any CDMA communication standard recognized by the ITU or any other standard body including but not limited to 3rd Generation Partnership Project (3GPP2), including but not limited to cdma2000 1xRTT, cdma2000 EV-DO, and cdma2000 EV-DV.

25.    Source code includes all types of code or files that implement, prepare for, design or result in any software, firmware, hardware or other functionalities, including functionalities of

10

EXHIBIT 1
000016

integrated circuits, processors, chips, chipsets, systems, or computers.  Source code, for example, includes but is not limited to any software, firmware, or hardware coding, files, or language, whether written in Hardware Design Language ("HDL"), Verilog HDL, VHDL, C, C+, C++, BREW, Java ME, J2ME, Assembly, or another programming or developer language.

## <u>INSTRUCTIONS</u>

1.      These Requests cover all information that was or is in your possession, custody, or control including, but not limited to, information in the possession, custody or control of your present and former directors, officers, agents, employees, partners, consultants, experts, nominees, attorneys, or anyone else acting on your behalf or otherwise subject to your control, and representatives of any of the aforesaid acting in that capacity, as well as information in the possession, custody, or control of any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate.

2.      Provide full and complete responses to the following requests, after conducting a diligent and thorough investigation into all information within your possession, custody, or control.

3.      The documents or things requested shall be organized and labeled to correspond with the document request to which they are responsive.

4.      The documents or things requested shall be produced as they are kept in the usual course of business.  For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, docket, or grouping in the same order or manner of arrangement as the original.  If there are no documents or things responsive to any particular request, you should so state in writing rather than leave the request unanswered.

5.      File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

11

EXHIBIT 1
000017

6.     Electronic records and computerized information must be produced in an intelligible and text searchable format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible and with custodial information.  Emails shall be produced in a text searchable format including metadata for the to, from, date, and subject information.  Source code shall be provided in electronic, text searchable form accessible to text editors and multi-file text search tools, including but not limited to Visual Slick Edit, Source-Navigator, PowerGrep, Exam Diff Pro, grep or similar programs.

7.     Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

8.     Attachments or documents otherwise incorporated to a main document, including correspondence and emails, must not be separated or removed from the main document.

9.     Should you seek to withhold any document based on some limitation of discovery (including a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

a.     the identity of each document's author, writer, sender, or initiator;

b.     the identity of each document's recipient, addressee, or person for whom it was intended;

c.     the date of creation or transmittal indicated on each document or an estimate of that date, indicated as such, if no date appears on the document;

d.     its present location and the identity of its current custodian;

12

EXHIBIT 1
000018

e.  a listing of all persons, including, but not limited to, addressees, to whom either copies of or information set forth in the document or thing have been disclosed, including the date and means of such disclosure;

f.  the general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

g.  the nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting your assertion thereof.

10.  Any purportedly privileged or discovery-immune document or information that contains matter that is not privileged or immune from discovery must be produced in redacted form, with the purportedly privileged or discovery-immune portion excised in a manner that makes it apparent that a redaction has been made.  Where something has been redacted or deleted from a document or thing produced in response to this Production Request, at least the following information should be provided:

a.  the nature of the material redacted;

b.  the nature of the privilege or other rule of law relied upon in making the redaction; and

c.  an identification of the person responsible for the redaction.

11.  If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are not available for production by you for any reason whatsoever, identify them as completely as possible, by stating without limitation:  the information requested by paragraphs (6) (a)–(g) above, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a partial or

13

EXHIBIT 1
000019

complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction of the document or thing.

12.     If your response to a document request is that any document or thing is not in your possession, custody, or control:  identify when it last was in your possession, custody, or control; describe in detail the efforts you have made to locate the document or thing; and identify who has possession, custody, or control of it.

13.     If, in responding to any request, you encounter any ambiguity in construing or understanding the request, a term, a definition, or an instruction, set forth the matter you find ambiguous and the construction or understanding selected or used in responding to the request. Then, after so defining or construing the request, term, definition, or instruction, answer the request as completely as possible.

14.     If a document is in a language other than English and an English translation exists, provide both the document and the English translation.

15.     Each of these discovery requests is continuing, and if you come into possession, custody, or control of responsive documents or things between the time of initial production and the time of trial herein, SPH America requests that you supplement your earlier production by promptly producing such documents or things.

14

EXHIBIT 1
000020

**ATTACHMENT C**

**DEPOSITION TOPICS**

Plaintiff SPH America incorporates the Definitions and Instructions provided in Attachment A by reference.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and other applicable rules of law, and the Definitions and Instructions herein, SPH America requests that You produce witnesses to testify on your behalf on the topics listed below in Attachment C, with reference to the definitions and instructions set forth in Attachment A hereto.  The witnesses shall appear to testify at the place, date, and time specified in the attached subpoena.  The deposition(s) will be recorded on videotape and by real-time transcription service, as well as by stenographic means.

     1.     The Relevant Components provided to each of the Defendants and their product manufacturers or suppliers, and any Relevant Devices incorporating those Relevant Components.

     2.     The source code, structure, specification, function, operation, implementation, engineering, and/or testing of the hardware and/or software responsible for, relates to, or is intended to implement Channel Spreading and Modulation and/or Random Access in each of the Relevant Components and/or Relevant Devices.

     3.     The organization (including directory structure and use of any version control or document control system) and operation of the software and/or hardware relating to or is intended to implement Channel Spreading and Modulation and/or Random Access functionality in each of the Relevant Components and/or Relevant Devices, including but not limited to any changes or revisions of such software and/or hardware.

     4.     The identity of each module, routine, function, call, block, segment, or part of source code, software, and/or hardware implementing Channel Spreading and Modulation and/or

22

EXHIBIT 1
000021

Random Access functionality in each of the Relevant Components and/or Relevant Devices, including but not limited to any changes or revisions of such software and/or hardware.

5.     Channel Spreading and Modulation and/or Random Access implemented in or intended to be implemented in the Relevant Components and/or Relevant Devices.

6.     The compliance of each of the Relevant Components and/or Relevant Devices with any standard, including standard defined by any standard setting organization (including but not limited to 3GPP or 3GPP2), regarding Channel Spreading and Modulation and/or Random Access.

7.     Gross and net sales of the Relevant Components, including the number of units sold to and prices paid by each of the Defendants and their product manufacturers or suppliers for each of the Relevant Components, and your total revenues and profits from the sale of the Relevant Components to each of the Defendants.

8.     The design, revision, customization, programming, re-programming and/or modification of each of the Relevant Components, and/or of the software that is intended to implement any of the functionalities of Channel Spreading and Modulation and/or Random Access, including any design, revision, customization, programming, re-programming and/or modification done for, on behalf, or provided to any of the Defendants and their product manufacturers or suppliers.

9.     The use and/or incorporation of any of the Relevant Components in any of the Relevant Devices.

10.     Design requirements and/or specifications from any of the Defendants and their product manufacturers or suppliers regarding any of the Relevant Components.

11.     The naming convention for each of the Relevant Components.

23

EXHIBIT 1
000022

12.     Training or other information identified, used, referenced, or offered by you or at Qualcomm University concerning or referring to any of the functionalities of Channel Spreading and Modulation and/or Random Access.

13.     All communications between you and any of the Defendants or their product manufacturers or suppliers regarding the compliance of the Relevant Components and/or Relevant Devices with any standard defined by any standard setting organization (including, but not limited to, 3GPP or 3GPP2) regarding Channel Spreading and Modulation and/or Random Access.

14.     The testing, certification, and requests for testing or certification of any of the Relevant Components and/or Relevant Devices for compliance with any 3G Standard.

15.     All communications between you and any of the Defendants or their product manufacturers or suppliers relating to the pending case *SPH America, LLC v. Acer, Inc. et al.*, C.A. No. 3:09-cv-02535 JAH (AJB) or any of the assertions of patent infringement made by SPH America.

16.     The licenses of patents and other intellectual property rights concerning, implemented by, covering, or applicable to the Relevant Components and/or Relevant Devices.

17.     The licenses of patents and other intellectual property rights concerning, implemented by, covering, or applicable to any ITU, CDMA, GSM (Global System for Mobile Communications), UMTS, 3GPP, 3GPP2, WCDMA, or cdma2000 standard, including but not limited to licenses to any of the Defendants and licenses between you and any of the Defendants.

18.     The meanings and naming of software build identification numbers, software version numbers, and advanced mobile subscriber software ("AMSS") version numbers for all Relevant Components.

24

EXHIBIT 1
000023

19.     Modifications made to different versions of Relevant Components and to different versions of source code and software that relate to or are intended to implement any of the functionalities of Channel Spreading and Modulation and/or Random Access in Relevant Components.

20.     Your collection, selection, and production of documents in response to this Subpoena.

21.     Your system, policies, and/or practices regarding the maintenance of the documents, code, files, software, and other electronic records for the Relevant Components.

25

EXHIBIT 1
000024

# Exhibit 2

**FOLEY & LARDNER LLP**
DAVID E. KLEINFELD, SBN 110734
dkleinfeld@foley.com
KURT M. KJELLAND, SBN 172076
kkjelland@foley.com
STEVEN A. MOORE, SBN 232114
smoore@foley.com
NICOLE S. CUNNINGHAM, SBN 234390
ncunningham@foley.com
11250 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:  858.847.6700
Facsimile:  858.792.6773

Attorneys for Non-Party
QUALCOM INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC, a Virginia company,<br><br>                                    Plaintiff,<br><br>v.<br><br>ACER, INC., *et al.*,<br><br>                                    Defendants. | CASE NO. 09-cv-2535 JAH (AJB)<br><br>**NON-PARTY QUALCOMM INCORPORATED'S RESPONSE AND OBJECTIONS TO SPH AMERICA, LLC'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** |

EXHIBIT 2
0000025

QUALCOMM INCORPORATED'S RESPONSES AND OBJECTIONS TO SUBPOENA TO TESTIFY
09-cv-2535 JAH (AJB)

1    Qualcomm Incorporated ("Qualcomm"), a non-party to this dispute, provides the

2    following objections to Plaintiff SPH America, LLC's ("SPH") Subpoena to Testify at a

3    Deposition in a Civil Action.

## GENERAL OBJECTIONS TO TOPICS

5    Qualcomm, below, sets forth its General Objections to SPH's Subpoena to Testify at a

6    Deposition in a Civil Action.  These General Objections apply to each and every deposition

7    topic whether or not they are specifically set forth in the objections and responses to each such

8    deposition topic.  Qualcomm's General Objections are based solely on the information that is

9    presently available and specifically known to Qualcomm.

10    Qualcomm's objections and responses are made without in any way waiving or

11    intending to waive, but, on the contrary, preserving and intending to preserve: (1) all questions

12    as to competency, relevancy, materiality, privilege, and admissibility as evidence for any

13    purpose of the response or subject matter thereof, in any subsequent proceeding in or the trial

14    of this or any other action; (2) the right to object on any ground to the use of said objections

15    and responses, or the subject matter thereof, in any subsequent proceeding in or in the trial of

16    this or any other action; and (3) the right to object on any ground at any time to other discovery

17    procedures involving or relating to the subject matter of this subpoena.

18    1.    Qualcomm objects to the definitions, instructions, and deposition topics to the

19    extent they attempt to impose obligations extending beyond those imposed or authorized by the

20    Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the

21    Southern District of California.  Qualcomm also objects to the extent that the Definitions and

22    Instructions are overly broad, unduly burdensome, and vague and ambiguous.  Qualcomm will

23    respond to SPH's deposition topics only to the extent required by the Rules.

24    2.    Qualcomm objects to these deposition topics to the extent that they seek

25    information protected by the attorney-client privilege, joint-defense or common-interest

26    privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

27    Qualcomm hereby asserts all such applicable privileges, immunities, and protections, and

28    excludes privileged, immune, and protected information from its responses to these deposition

2

topics. Any disclosure of privileged, immune, or protected documents and things is inadvertent and shall not be deemed a waiver of any privilege, immunity, or protection.

3.      Qualcomm objects to these deposition topics to the extent that they purport to require that Qualcomm produce a person to testify by a date certain. Qualcomm will conduct a reasonable investigation to identify and produce a person (or persons) to testify in responsive to these deposition topics as soon as reasonably practicable.

4.      Qualcomm objects to these deposition topics to the extent they seek information that is not relevant to the issues in this case, or is not reasonably calculated to lead to the discovery of admissible evidence.

5.      Qualcomm objects to these deposition topics to the extent they are unreasonably vague, overly broad, repetitious, unduly burdensome, or require the disclosure of information beyond the scope of permissible discovery as allowed, defined, clarified, agreed to, or limited by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California, and any and all other applicable rules.

6.      Qualcomm objects to these deposition topics as imposing undue expense on a non-party to this dispute, and as unduly burdensome and irrelevant to the investigation, especially to the extent it may purport to require testimony about documents or information that requires a search and production from electronic mail systems.

7.      Qualcomm objects to these deposition topics to the extent they may purport to require testimony about documents or information, either electronically stored or stored in hard copy, that is not readily accessible.

8.      Qualcomm objects to these deposition topics to the extent they call for information not in the possession, custody, or control of Qualcomm.

9.      Qualcomm objects to these deposition topics to the extent they call for information already in SPH's possession, custody or control, information that is publicly available, or information that has not first been sought from parties to this dispute or that is equally available from parties to this dispute.

3

EXHIBIT 2
000027

1    10.    Qualcomm objects to these deposition topics to the extent they call for

2  disclosure of code, including source code, object code, firmware, compiled code, byte code,

3  interpreted code or any form of code stored in any storage or code transmitted to Relevant

4  Components or Relevant Devices, absent a protective order calling for the proper handling of

5  code.  Qualcomm cannot provide any such disclosures until such appropriate protections of its

6  code are in place.

7    11.    Qualcomm objects to these deposition topics to the extent that they seek the

8  disclosure of information that Qualcomm is not permitted to disclose pursuant to confidentiality

9  obligations or agreements with non-parties.

10    12.    Qualcomm objects to these deposition topics to the extent that they seek the

11  disclosure of confidential information that is not relevant to this investigation, including, but

12  not limited to, confidential business information, proprietary and/or competitively sensitive

13  information, and trade secrets.

14    13.    Qualcomm generally objects to the scope of the deposition topics to the extent

15  that they would seek information beyond that regarding any current products that are at issue in

16  this case and have been sold to any of the defendants, as opposed to any other products that are

17  not relevant.

18    14.    Qualcomm objects to these deposition topics to the extent they call for

19  information or testimony concerning products that are sold outside the United States, or which

20  have not been commercialized, or which have not been sold to any of the defendants to this

21  action.

22    15.    Qualcomm objects to these deposition topics to the extent they seek information

23  protected by constitutional, statutory and/or common law rights to personal privacy and

24  confidentiality.

25    16.    Qualcomm objects to the terms "you" and "your" as vague, ambiguous, and

26  overly broad in that it purports to seek information beyond the custody and control of

27  Qualcomm Incorporated.

28

4

EXHIBIT 2
000028

1      17.    Qualcomm objects to the term "Document" as overly broad and unduly

2 burdensome to the extent this term purports to impose obligations on Qualcomm beyond the

3 requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the

4 Local Rules of the Southern District of California, and any and all other applicable rules.

5 Qualcomm will respond to these deposition topics in accordance with the rules.

6      18.    Qualcomm objects to the term "Communication" as overly broad and unduly

7 burdensome to the extent this term purports to impose obligations on Qualcomm beyond the

8 requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the

9 Local Rules of the Southern District of California, and any and all other applicable rules.

10 Qualcomm will respond to these deposition topics in accordance with the rules.

11     19.    Qualcomm objects to the term "Relevant Components" as vague, ambiguous,

12 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

13 relevant or admissible evidence.  Also, the definition relies upon the subsequent definitions of

14 terms such as "Channel Spreading and Modulation" and "Random Access" which are also

15 overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to

16 the discovery of relevant or admissible evidence as explained further below.   Also, the

17 inclusion of "any other products similar or related to those listed in this Definition" renders the

18 definition and all deposition topics in which the term appears overly broad, vague, ambiguous,

19 and unintelligible, and would require a conclusion or opinion of counsel in violation of the

20 attorney work product doctrine.

21     20.    Qualcomm objects to the term "Relevant Devices" as overly broad, vague,

22 ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

23 relevant or admissible evidence.  For example, the definition relies upon the previous and

24 subsequent definitions of terms such as "Relevant Components" and "Channel Spreading and

25 Modulation" and "Random Access" which are also overly broad, vague, ambiguous, unduly

26 burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible

27 evidence as explained above and further below.  Also, the phrase "include any product

28 incorporating or using a Relevant Component that is believed to be compliant with any part of

1   the International Telecommunication Union ("ITU") family of standards under the International

2   Mobile Telecommunications-2000 ("IMT-2000") global standard for third generation wireless

3   communications ("3G"), including but not limited to WCDMA and cdma2000" renders the

4   definition and all deposition topics in which the term appears overly broad, vague, ambiguous,

5   and unintelligible, and would require a conclusion or opinion of counsel in violation of the

6   attorney work product doctrine.  Further, standards include hundreds of sections.  SPH fails to

7   describe or explain any particular relevant section to which any of its deposition topics are

8   directed.  SPH presumably does not seek third party discovery concerning the entirety of

9   various standards and knows the particular sections that it believes are relevant.  SPH has the

10  burden to reasonably tailor its topics, which it has completely failed to do.  Sections a-o purport

11  to list hundreds of model numbers of products sold by Defendants and with which Qualcomm

12  is not necessarily familiar by model number, name, or otherwise, particularly as a non-party

13  respondent to this Subpoena, and the definition is vague, unreasonable and seeks to impose

14  undue burden in that regard.

15      21.     Qualcomm objects to the term "Channel Spreading and Modulation" as overly

16  broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the

17  discovery of relevant or admissible evidence.  Also, the references to 3GPP and 3GPP2

18  standards, including but not limited to certain subsections of those standards, are overly broad,

19  vague, and ambiguous.  These references render the definition and all deposition topics in

20  which the term appears overly broad, vague, ambiguous, and unintelligible, and would require

21  a conclusion or opinion of counsel in violation of the attorney work product doctrine.

22      22.     Qualcomm objects to the term "Random Access" as the examples cited in the

23  definition are overly broad, vague, ambiguous, unduly burdensome, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence.  Also, the references to

25  3GPP TS 25.211 and 3GPP TS 25.214 in the definition are overly broad, vague and ambiguous.

26  These references render the definition and all deposition topics in which the term appears

27  overly broad, vague, ambiguous, and unintelligible, and would require a conclusion or opinion

28  of counsel in violation of the attorney work product doctrine.

23.     Qualcomm objects to the term "source code" as vague and ambiguous and to the extent it incorporates defined terms objected to above, such as "Relevant Devices." Furthermore, Qualcomm objects to the definition of "source code" as including "Hardware Design Language "HDL"), Verilog HDL, VHDL" as vague and ambiguous.

24.     Qualcomm objects to instructions 1 and 2 to the extent that they purport to impose obligations broader than those imposed by the Federal Rules of Civil Procedure, and the instructions are not reasonably limited to documents within the possession, custody and control of Qualcomm.

25.     Qualcomm objects to instructions 3-5 on the grounds that they are overly burdensome and to the extent they purport to impose obligations on Qualcomm beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California, and any and all other applicable rules. Qualcomm will respond to these deposition topics in accordance with the rules.

26.     Qualcomm objects to instruction 6 on the grounds that the specified form of production is burdensome, would impose undue costs and burden on a non-party to the action, and would not facilitate appropriate bates labeling and Protective Order designations. Qualcomm does not agree to produce any documents in response to the subpoena in text searchable and/or native file format and also does not agree to produce meta-data, and Qualcomm does not agree to produce source code in accordance with the instruction without further, specific suitable protection of third party source code.

27.     Qualcomm objects to instructions  9 and 10 to the extent they seek to require Qualcomm, a non-party, to identify anything other than the specific claim of privilege or work product being made and the basis for such claim, on the ground that the additional information sought by SPH would subject Qualcomm to unreasonable and undue annoyance, oppression, burden, and expense, and constitutes information protected from discovery by privilege and as work product.  Qualcomm further objects to instructions 9 and 10 to the extent they purport to impose obligations on Qualcomm beyond the requirements of the Federal Rules of Civil

7

EXHIBIT 2
00000310

1  Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of

2  California, and any and all other applicable rules.

3        28.    Qualcomm objects to instructions 11-12 to the extent they purport to seek

4  information beyond the knowledge, possession, or control of Qualcomm and to the extent they

5  purport to impose obligations on Qualcomm beyond the requirements of the Federal Rules of

6  Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of

7  California, and any and all other applicable rules.  For example, if Qualcomm does not have a

8  document in its possession, custody, or control, Qualcomm may not know the identity of who

9  has possession, custody, or control of that document.

10        29.    Qualcomm objects to instructions 7-8, 10 and 13-15 to the extent they purport to

11  impose obligations on Qualcomm beyond the requirements of the Federal Rules of Civil

12  Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of

13  California, and any and all other applicable rules.

14        30.    Qualcomm objects to the extent that the date and location for the deposition is

15  set without consulting with counsel regarding feasibility.  Qualcomm will meet and confer with

16  counsel for SPH to establish a mutually agreeable date and location for any deposition.

17        31.    Qualcomm objects generally that the Protective Order stipulated to by the

18  Parties to this action and entered by the Court on May 24, 2010, is deficient and would not

19  adequately protect Qualcomm's confidential business information, including testimony about

20  sensitive technical documents and source code from certain potential disclosure and/or misuse.

21  Qualcomm will meet and confer with the Parties to this action in an attempt to reach a

22  stipulation amending the Protective Order.

23        **SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

24  **DEPOSITION TOPIC NO. 1:**

25        The Relevant Components provided to each of the Defendants and their product

26  manufacturers or suppliers, and any Relevant Devices incorporating those Relevant

27  Components.

28  **RESPONSE TO DEPOSITION TOPIC NO. 1:**

8

EXHIBIT 2

1    In addition to its General Objections, which are hereby incorporated by reference,

2    Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

3    Qualcomm further objects to this topic as imposing undue expense on a non-party to this

4    dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

5    this topic to the extent it calls for information that has not first been sought from parties to this

6    dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

7    is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

8    broad and unduly burdensome to the extent this topic does not describe the information SPH

9    seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

10   burdensome and irrelevant to the extent that it seeks information about products that are sold

11   outside the United States.  Qualcomm objects to the terms "Relevant Components" and

12   "Relevant Devices" as vague and ambiguous.  Qualcomm further objects to this topic to the

13   extent it calls for information containing proprietary, confidential, trade secret, and/or private

14   information, and declines to provide any such information that could subject Qualcomm to

15   competitive disadvantage or business injury or violate confidentiality agreements or the privacy

16   interests of individuals.  Qualcomm objects to this topic to the extent it seeks information

17   covered by the attorney-client privilege, the work product doctrine, common interest, joint

18   defense or any other applicable privileges or protections.

19   Subject to the foregoing General and Specific Objections, Qualcomm responds as

20   follows:  This topic is compound and apparently seeks in part information regarding

21   defendants' products that is outside of Qualcomm's custody and control and/or about which

22   Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

23   produce a witness regarding the products of any entity other than Qualcomm.  As to its own

24   products, Qualcomm objects that this category is overbroad and vague but is willing to meet

25   and confer to determine whether this category can be limited to a reasonable scope.  Qualcomm

26   will not produce a 30(b)(6) witness for deposition on this topic without an appropriate

27   protective order and an agreement to limit any deposition to a reasonable scope.

28   **DEPOSITION TOPIC NO. 2:**

9

1   The source code, structure, specification, function, operation, implementation,

2   engineering, and/or testing of the hardware and/or software responsible for, relates to, or is

3   intended to implement Channel Spreading and Modulation and/or Random Access in each of

4   the Relevant Components and/or Relevant Devices.

5   **RESPONSE TO DEPOSITION TOPIC NO. 2:**

6   In addition to its General Objections, which are hereby incorporated by reference,

7   Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

8   Qualcomm further objects to this topic as imposing undue expense on a non-party to this

9   dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

10  this topic to the extent it calls for information that has not first been sought from parties to this

11  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

12  is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

13  broad and unduly burdensome to the extent this topic does not describe the information SPH

14  seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

15  burdensome and irrelevant to the extent that it seeks information about products that are sold

16  outside the United States.  Qualcomm objects to the terms "structure," "specification,"

17  "function," "operation," "implementation," "engineering," "testing," "hardware," "software,"

18  "Relevant Components," "Relevant Devices," "Channel Spreading and Modulation," and

19  "Random Access" as vague and ambiguous.  Qualcomm further objects to this topic to the

20  extent it calls for information containing proprietary, confidential, trade secret, and/or private

21  information, and declines to provide any such information that could subject Qualcomm to

22  competitive disadvantage or business injury or violate confidentiality agreements or the privacy

23  interests of individuals.

24  Subject to the foregoing General and Specific Objections, Qualcomm responds as

25  follows:  This topic is compound and apparently seeks in part information regarding

26  defendants' products that is outside of Qualcomm's custody and control and/or about which

27  Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

28  produce a witness regarding the products of any entity other than Qualcomm.  As to its own

10

EXHIBIT 2
0000080

1   products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

2   appropriate protective order and an agreement to limit any deposition to a reasonable scope.

3   **DEPOSITION TOPIC NO. 3:**

4        The organization (including directory structure and use of any version control or

5   document control system) and operation of the software and/or hardware relating to or is

6   intended to implement Channel Spreading and Modulation and/or Random Access

7   functionality in each of the Relevant Components and/or Relevant Devices, including but not

8   limited to any changes or revisions of such software and/or hardware.

9   **RESPONSE TO DEPOSITION TOPIC NO. 3:**

10        In addition to its General Objections, which are hereby incorporated by reference,

11   Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

12   Qualcomm further objects to this topic as imposing undue expense on a non-party to this

13   dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

14   this topic to the extent it calls for information that has not first been sought from parties to this

15   dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

16   is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

17   broad and unduly burdensome to the extent this topic does not describe the information SPH

18   seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

19   burdensome and irrelevant to the extent that it seeks information about products that are sold

20   outside the United States.  Qualcomm objects to the terms "organization," "directory structure,"

21   "use," "any version control or document control system," "operation," "software," "hardware,"

22   "intended to implement," "functionality," "changes," "revisions," "Relevant Components,"

23   "Relevant Devices," "Channel Spreading and Modulation," and "Random Access" as vague

24   and ambiguous.  Qualcomm further objects to this topic to the extent it calls for information

25   containing proprietary, confidential, trade secret, and/or private information, and declines to

26   provide any such information that could subject Qualcomm to competitive disadvantage or

27   business injury or violate confidentiality agreements or the privacy interests of individuals.

28

1  Subject to the foregoing General and Specific Objections, Qualcomm responds as

2  follows:  This topic is compound and apparently seeks in part information regarding

3  defendants' products that is outside of Qualcomm's custody and control and/or about which

4  Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

5  produce a witness regarding the products of any entity other than Qualcomm.  As to its own

6  products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

7  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

8  **DEPOSITION TOPIC NO. 4:**

9  The identity of each module, routine, function, call, block, segment, or part of source

10  code, software, and/or hardware implementing Channel Spreading and Modulation and/or

11  Random Access functionality in each of the Relevant Components and/or Relevant Devices,

12  including but not limited to any changes or revisions of such software and/or hardware.

13  **RESPONSE TO DEPOSITION TOPIC NO. 4:**

14  In addition to its General Objections, which are hereby incorporated by reference,

15  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

16  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

17  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

18  this topic to the extent it calls for information that has not first been sought from parties to this

19  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

20  is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

21  broad and unduly burdensome to the extent this topic does not describe the information SPH

22  seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

23  burdensome and irrelevant to the extent that it seeks information about products that are sold

24  outside the United States.  Qualcomm objects to the terms "module," "routine," "function,"

25  "call," "block," "segment," "part," "software," "hardware," "implementing," "functionality,"

26  "changes," "revisions," "Relevant Components," "Relevant Devices," "Channel Spreading and

27  Modulation," and "Random Access" as vague and ambiguous.  Qualcomm further objects to

28  this topic to the extent it calls for information containing proprietary, confidential, trade secret,

12

1   and/or private information, and declines to provide any such information that could subject

2   Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements

3   or the privacy interests of individuals.

4          Subject to the foregoing General and Specific Objections, Qualcomm responds as

5   follows:  This topic is compound and apparently seeks in part information regarding

6   defendants' products that is outside of Qualcomm's custody and control and/or about which

7   Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

8   produce a witness regarding the products of any entity other than Qualcomm.  As to its own

9   products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

10  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

11  **DEPOSITION TOPIC NO. 5:**

12         Channel Spreading and Modulation and/or Random Access implemented in or intended

13  to be implemented in the Relevant Components and/or Relevant Devices.

14  **RESPONSE TO DEPOSITION TOPIC NO. 5:**

15         In addition to its General Objections, which are hereby incorporated by reference,

16  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

17  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

18  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

19  this topic to the extent it calls for information that has not first been sought from parties to this

20  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

21  is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

22  broad and unduly burdensome to the extent this topic does not describe the information SPH

23  seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

24  burdensome and irrelevant to the extent that it seeks information about products that are sold

25  outside the United States.  Qualcomm objects to the terms "Channel Spreading and

26  Modulation," "Random Access," "implemented in or intended to be implemented," "Relevant

27  Components," and "Relevant Devices" as vague and ambiguous.  Qualcomm further objects to

28  this topic to the extent it calls for information containing proprietary, confidential, trade secret,

13

1  and/or private information, and declines to provide any such information that could subject

2  Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements

3  or the privacy interests of individuals.  Qualcomm objects to this topic to the extent it seeks

4  information covered by the attorney-client privilege, the work product doctrine, common

5  interest, joint defense or any other applicable privileges or protections.

6        Subject to the foregoing General and Specific Objections, Qualcomm responds as

7  follows:  This topic is compound and apparently seeks in part information regarding

8  defendants' products that is outside of Qualcomm's custody and control and/or about which

9  Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

10  produce a witness regarding the products of any entity other than Qualcomm.  As to its own

11  products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

12  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

13  **DEPOSITION TOPIC NO. 6:**

14        The compliance of each of the Relevant Components and/or Relevant Devices with

15  any standard, including standard defined by any standard setting organization (including but

16  not limited to 3GPP or 3GPP2), regarding Channel Spreading and Modulation and/or

17  Random Access.

18  **RESPONSE TO DEPOSITION TOPIC NO. 6:**

19        In addition to its General Objections, which are hereby incorporated by reference,

20  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

21  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

22  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

23  this topic to the extent it calls for information that has not first been sought from parties to this

24  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

25  is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

26  broad and unduly burdensome to the extent this topic does not describe the information SPH

27  seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

28  burdensome and irrelevant to the extent that it seeks information about products that are sold

14

EXHIBIT 2
000039

1  outside the United States.  Qualcomm objects to the terms "compliance," "Relevant

2  Components," "Relevant Devices," "standard," "standard setting organization," "Channel

3  Spreading and Modulation," and "Random Access" as vague and ambiguous.  Qualcomm

4  further objects to this topic to the extent it calls for information containing proprietary,

5  confidential, trade secret, and/or private information, and declines to provide any such

6  information that could subject Qualcomm to competitive disadvantage or business injury or

7  violate confidentiality agreements or the privacy interests of individuals.  Qualcomm objects to

8  this topic to the extent it seeks information covered by the attorney-client privilege, the work

9  product doctrine, common interest, joint defense or any other applicable privileges or

10  protections.

11        Subject to the foregoing General and Specific Objections, Qualcomm responds as

12  follows:  This topic is compound and apparently seeks in part information regarding

13  defendants' products that is outside of Qualcomm's custody and control and/or about which

14  Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

15  produce a witness regarding the products of any entity other than Qualcomm.  As to its own

16  products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

17  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

18  **DEPOSITION TOPIC NO. 7:**

19        Gross and net sales of the Relevant Components, including the number of units sold to

20  and prices paid by each of the Defendants and their product manufacturers or suppliers for each

21  of the Relevant Components, and your total revenues and profits from the sale of the

22  Relevant Components to each of the Defendants.

23  **RESPONSE TO DEPOSITION TOPIC NO. 7:**

24        In addition to its General Objections, which are hereby incorporated by reference,

25  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

26  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

27  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

28  this topic to the extent it calls for information that has not first been sought from parties to this

15

1    dispute. Qualcomm also objects to this topic to the extent information responsive to this topic

2    is equally available from a party to this dispute. Qualcomm objects to this topic as overly

3    broad and unduly burdensome to the extent this topic does not describe the information SPH

4    seeks with reasonable particularity. Qualcomm objects to this topic as overly broad, unduly

5    burdensome and irrelevant to the extent that it seeks information about products that are sold

6    outside the United States. Qualcomm objects to the terms "gross and net sales," "Relevant

7    Components," "units," "total revenues," and "profits" as vague and ambiguous. Qualcomm

8    objects to this topic to the extent it concerns its "profits" as overly broad, unduly burdensome

9    and irrelevant and will not provide a witness on that subject. Qualcomm further objects to this

10    topic to the extent it calls for information containing proprietary, confidential, trade secret,

11    and/or private information, and declines to provide any such information that could subject

12    Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements

13    or the privacy interests of individuals. Qualcomm objects to this topic to the extent it seeks

14    information covered by the attorney-client privilege, the work product doctrine, common

15    interest, joint defense or any other applicable privileges or protections.

16       Subject to the foregoing General and Specific Objections, Qualcomm responds as

17    follows: Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

18    appropriate protective order and an agreement to limit any deposition to a reasonable scope.

19    **DEPOSITION TOPIC NO. 8:**

20       The design, revision, customization, programming, re-programming and/or

21    modification of each of the Relevant Components, and/or of the software that is intended to

22    implement any of the functionalities of Channel Spreading and Modulation and/or Random

23    Access, including any design, revision, customization, programming, re-programming and/or

24    modification done for, on behalf, or provided to any of the Defendants and their product

25    manufacturers or suppliers.

26    **RESPONSE TO DEPOSITION TOPIC NO. 8:**

27       In addition to its General Objections, which are hereby incorporated by reference,

28    Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

---

16

1   Qualcomm further objects to this topic as imposing undue expense on a non-party to this
2   dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to
3   this topic to the extent it calls for information that has not first been sought from parties to this
4   dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic
5   is equally available from a party to this dispute.  Qualcomm objects to this topic as overly
6   broad and unduly burdensome to the extent this topic does not describe the information SPH
7   seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly
8   burdensome and irrelevant to the extent that it seeks information about products that are sold
9   outside the United States.  Qualcomm objects to the terms "design," "revision,"
10  "customization," "programming," "re-programming," "modification," "Relevant Components,"
11  "software," "intended to implement," "functionalities," "Channel Spreading and Modulation,"
12  and "Random Access" as vague and ambiguous.  Qualcomm further objects to this topic to the
13  extent it calls for information containing proprietary, confidential, trade secret, and/or private
14  information, and declines to provide any such information that could subject Qualcomm to
15  competitive disadvantage or business injury or violate confidentiality agreements or the privacy
16  interests of individuals.  Qualcomm objects to this topic to the extent it seeks information
17  covered by the attorney-client privilege, the work product doctrine, common interest, joint
18  defense or any other applicable privileges or protections.
19          Subject to the foregoing General and Specific Objections, Qualcomm responds as
20  follows:  This topic is compound and apparently seeks in part information regarding
21  defendants' products that is outside of Qualcomm's custody and control and/or about which
22  Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to
23  produce a witness regarding the products of any entity other than Qualcomm.  As to its own
24  products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an
25  appropriate protective order and an agreement to limit any deposition to a reasonable scope.
26  **DEPOSITION TOPIC NO. 9:**
27          The use and/or incorporation of any of the Relevant Components in any of the Relevant
28  Devices.

EXHIBIT 2

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

In addition to its General Objections, which are hereby incorporated by reference, Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute. Qualcomm further objects to this topic as imposing undue expense on a non-party to this dispute to the extent it seeks information that is not readily accessible. Qualcomm objects to this topic to the extent it calls for information that has not first been sought from parties to this dispute. Qualcomm also objects to this topic to the extent information responsive to this topic is equally available from a party to this dispute. Qualcomm objects to this topic as overly broad and unduly burdensome to the extent this topic does not describe the information SPH seeks with reasonable particularity. Qualcomm objects to this topic as overly broad, unduly burdensome and irrelevant to the extent that it seeks information about products that are sold outside the United States. Qualcomm objects to the terms "use," "incorporation," "Relevant Components" and "Relevant Devices" as vague and ambiguous. Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: This topic seeks information regarding defendants' products that is outside of Qualcomm's custody and control and/or about which Qualcomm is not the best source of information. Qualcomm, accordingly, does not agree to produce a witness on this topic.

**DEPOSITION TOPIC NO. 10:**

Design requirements and/or specifications from any of the Defendants and their product manufacturers or suppliers regarding any of the Relevant Components.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

In addition to its General Objections, which are hereby incorporated by reference, Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute. Qualcomm further objects to this topic as imposing undue expense on a non-party to this

18

EXHIBIT 2

1   dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

2   this topic to the extent it calls for information that has not first been sought from parties to this

3   dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

4   is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

5   broad and unduly burdensome to the extent this topic does not describe the information SPH

6   seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

7   burdensome and irrelevant to the extent that it seeks information about products that are sold

8   outside the United States.  Qualcomm objects to the terms "design requirements,"

9   "specifications," and "Relevant Components" as vague and ambiguous.  Qualcomm further

10  objects to this topic to the extent it calls for information containing proprietary, confidential,

11  trade secret, and/or private information, and declines to provide any such information that

12  could subject Qualcomm to competitive disadvantage or business injury or violate

13  confidentiality agreements or the privacy interests of individuals.  Qualcomm objects to this

14  topic to the extent it seeks information covered by the attorney-client privilege, the work

15  product doctrine, common interest, joint defense or any other applicable privileges or

16  protections.

17      Subject to the foregoing General and Specific Objections, Qualcomm responds as

18  follows:  This topic is compound and apparently seeks in part information regarding

19  defendants' products that is outside of Qualcomm's custody and control and/or about which

20  Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

21  produce a witness regarding the products of any entity other than Qualcomm.  As to its own

22  products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

23  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

24  **DEPOSITION TOPIC NO. 11:**

25      The naming convention for each of the Relevant Components.

26  **RESPONSE TO DEPOSITION TOPIC NO. 11:**

27      In addition to its General Objections, which are hereby incorporated by reference,

28  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

EXHIBIT 2

000043

1   Qualcomm further objects to this topic as imposing undue expense on a non-party to this

2   dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

3   this topic to the extent it calls for information that has not first been sought from parties to this

4   dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

5   is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

6   broad and unduly burdensome to the extent this topic does not describe the information SPH

7   seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

8   burdensome and irrelevant to the extent that it seeks information about products that are sold

9   outside the United States.  Qualcomm objects to the terms "Relevant Components" and

10  "naming convention" as vague and ambiguous.

11      Subject to the foregoing General and Specific Objections, Qualcomm responds as

12  follows:  Qualcomm will not produce a 30(b)(6) witness for deposition on this topic.

13  **DEPOSITION TOPIC NO. 12:**

14      Training or other information identified, used, referenced, or offered by you or at

15  Qualcomm University concerning or referring to any of the functionalities of Channel

16  Spreading and Modulation and/or Random Access.

17  **RESPONSE TO DEPOSITION TOPIC NO. 12:**

18      In addition to its General Objections, which are hereby incorporated by reference,

19  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

20  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

21  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

22  this topic to the extent it calls for information that has not first been sought from parties to this

23  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

24  is publicly available or equally available from a party to this dispute.  Qualcomm objects to this

25  topic as overly broad and unduly burdensome to the extent this topic does not describe the

26  information SPH seeks with reasonable particularity.  Qualcomm objects to this topic as overly

27  broad, unduly burdensome and irrelevant to the extent that it seeks information about products

28  that are sold outside the United States.  Qualcomm objects to the terms "training," "identified,"

20

1  "used," "referenced," "offered," "Qualcomm University," "concerning," "functionalities,"

2  "Channel Spreading and Modulation," and "Random Access" as vague and ambiguous.

3  Qualcomm further objects to this topic to the extent it calls for information containing

4  proprietary, confidential, trade secret, and/or private information, and declines to provide any

5  such information that could subject Qualcomm to competitive disadvantage or business injury

6  or violate confidentiality agreements or the privacy interests of individuals.

7        Subject to the foregoing General and Specific Objections, Qualcomm responds as

8  follows:  Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

9  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

10  **DEPOSITION TOPIC NO. 13:**

11        All communications between you and any of the Defendants or their product

12  manufacturers or suppliers regarding the compliance of the Relevant Components and/or

13  Relevant Devices with any standard defined by any standard setting organization (including,

14  but not limited to, 3GPP or 3GPP2) regarding Channel Spreading and Modulation and/or

15  Random Access.

16  **RESPONSE TO DEPOSITION TOPIC NO. 13:**

17        In addition to its General Objections, which are hereby incorporated by reference,

18  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

19  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

20  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

21  this topic to the extent it calls for information that has not first been sought from parties to this

22  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

23  is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

24  broad and unduly burdensome to the extent this topic does not describe the information SPH

25  seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

26  burdensome and irrelevant to the extent that it seeks information about products that are sold

27  outside the United States.  Qualcomm objects to the terms "compliance," "standard," "standard

28  setting organization," "Channel Spreading and Modulation," "Random Access," "Relevant

EXHIBIT 2

1  Components," and "Relevant Devices" as vague and ambiguous. Qualcomm further objects to

2  this topic to the extent it calls for information containing proprietary, confidential, trade secret,

3  and/or private information, and declines to provide any such information that could subject

4  Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements

5  or the privacy interests of individuals. Qualcomm objects to this topic to the extent it seeks

6  information covered by the attorney-client privilege, the work product doctrine, common

7  interest, joint defense or any other applicable privileges or protections.

8      Subject to the foregoing General and Specific Objections, Qualcomm responds as

9  follows: This topic is compound and apparently seeks in part information regarding

10  defendants' products that is outside of Qualcomm's custody and control and/or about which

11  Qualcomm is not the best source of information. Qualcomm, accordingly, does not agree to

12  produce a witness regarding the products of any entity other than Qualcomm. As to its own

13  products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

14  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

15  **DEPOSITION TOPIC NO. 14:**

16      The testing, certification, and requests for testing or certification of any of the Relevant

17  Components and/or Relevant Devices for compliance with any 3G Standard.

18  **RESPONSE TO DEPOSITION TOPIC NO. 14:**

19      In addition to its General Objections, which are hereby incorporated by reference,

20  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

21  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

22  dispute to the extent it seeks information that is not readily accessible. Qualcomm objects to

23  this topic to the extent it calls for information that has not first been sought from parties to this

24  dispute. Qualcomm also objects to this topic to the extent information responsive to this topic

25  is equally available from a party to this dispute. Qualcomm objects to this topic as overly

26  broad and unduly burdensome to the extent this topic does not describe the information SPH

27  seeks with reasonable particularity. Qualcomm objects to this topic as overly broad, unduly

28  burdensome and irrelevant to the extent that it seeks information about products that are sold

22

1  outside the United States.  Qualcomm objects to the terms "testing," "certification," "requests

2  for testing or certification," "Relevant Components," and "Relevant Devices" as vague and

3  ambiguous.  Qualcomm further objects to this topic to the extent it calls for information

4  containing proprietary, confidential, trade secret, and/or private information, and declines to

5  provide any such information that could subject Qualcomm to competitive disadvantage or

6  business injury or violate confidentiality agreements or the privacy interests of individuals.

7  Qualcomm objects to this topic to the extent it seeks information covered by the attorney-client

8  privilege, the work product doctrine, common interest, joint defense or any other applicable

9  privileges or protections.

10         Subject to the foregoing General and Specific Objections, Qualcomm responds as

11  follows:  This topic is compound and apparently seeks in part information regarding

12  defendants' products that is outside of Qualcomm's custody and control and/or about which

13  Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

14  produce a witness regarding the products of any entity other than Qualcomm.  As to its own

15  products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

16  appropriate protective order and an agreement to limit any deposition to a reasonable scope.

17  **DEPOSITION TOPIC NO. 15:**

18         All communications between you and any of the Defendants or their product

19  manufacturers or suppliers relating to the pending case *SPH America, LLC v. Acer, Inc. et al.,*

20  C.A. No. 3:09-cv-02535 JAH (AJB) or any of the assertions of patent infringement made by

21  SPH America.

22  **RESPONSE TO DEPOSITION TOPIC NO. 15:**

23         In addition to its General Objections, which are hereby incorporated by reference,

24  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

25  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

26  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

27  this topic to the extent it calls for information that has not first been sought from parties to this

28  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

EXHIBIT 2
0000047

1   is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

2   broad and unduly burdensome to the extent this topic does not describe the information SPH

3   seeks with reasonable particularity.  Qualcomm objects to the phrase "any of the assertions of

4   patent infringement made by SPH America" as overly broad, unduly burdensome, vague and

5   ambiguous.  Qualcomm further objects to this topic to the extent it calls for information

6   containing proprietary, confidential, trade secret, and/or private information, and declines to

7   provide any such information that could subject Qualcomm to competitive disadvantage or

8   business injury or violate confidentiality agreements or the privacy interests of individuals.

9   Qualcomm objects to this topic to the extent it seeks information covered by the attorney-client

10  privilege, the work product doctrine, common interest, joint defense or any other applicable

11  privileges or protections.

12          Subject to the foregoing General and Specific Objections, Qualcomm responds as

13  follows:  Qualcomm will not produce a 30(b)(6) witness for deposition on this topic.

14  **DEPOSITION TOPIC NO. 16:**

15          The licenses of patents and other intellectual property rights concerning, implemented

16  by, covering, or applicable to the Relevant Components and/or Relevant Devices.

17  **RESPONSE TO DEPOSITION TOPIC NO. 16:**

18          In addition to its General Objections, which are hereby incorporated by reference,

19  Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

20  Qualcomm further objects to this topic as imposing undue expense on a non-party to this

21  dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

22  this topic to the extent it calls for information that has not first been sought from parties to this

23  dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

24  is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

25  broad and unduly burdensome to the extent this topic does not describe the information SPH

26  seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

27  burdensome and irrelevant to the extent that it seeks information about products that are sold

28  outside the United States.  Qualcomm objects to the terms "licenses," "other intellectual

EXHIBIT 2
0000048

property rights," "concerning," "implemented," "covering," "applicable," "Relevant Components," and "Relevant Devices" as vague and ambiguous.  Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.  Qualcomm objects to this topic to the extent it seeks information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense or any other applicable privileges or protections.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:  This topic is compound and apparently seeks in part information regarding defendants' products that is outside of Qualcomm's custody and control and/or about which Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to produce a witness regarding the products of any entity other than Qualcomm.  As to licenses between Qualcomm and any third parties, Qualcomm will not produce a witness on this topic because any purported relevance is outweighed by the burdens associate with producing third party confidential information.

**DEPOSITION TOPIC NO. 17:**

The licenses of patents and other intellectual property rights concerning, implemented by, covering, or applicable to any ITU, CDMA, GSM (Global System for Mobile Communications), UMTS, 3GPP, 3GPP2, WCDMA, or cdma2000 standard, including but not limited to licenses to any of the Defendants and licenses between you and any of the Defendants.

**RESPONSE TO DEPOSITION TOPIC NO. 17:**

In addition to its General Objections, which are hereby incorporated by reference, Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute. Qualcomm further objects to this topic as imposing undue expense on a non-party to this dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to this topic to the extent it calls for information that has not first been sought from parties to this

QUALCOMM INCORPORATED'S RESPONSES AND OBJECTIONS TO SUBPOENA TO TESTIFY
EXHIBIT 2
000049
09-CV-2535 JAH (AJB)

dispute. Qualcomm also objects to this topic to the extent information responsive to this topic is equally available from a party to this dispute. Qualcomm objects to this topic as overly broad and unduly burdensome to the extent this topic does not describe the information SPH seeks with reasonable particularity. Qualcomm objects to this topic as overly broad, unduly burdensome and irrelevant to the extent that it seeks information about products that are sold outside the United States. Qualcomm objects to the terms "licenses," "other intellectual property rights," "concerning," "implemented," "covering," "applicable," and "standard" as vague and ambiguous. Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals. Qualcomm objects to this topic to the extent it seeks information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense or any other applicable privileges or protections.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: This topic is compound and apparently seeks in part information regarding defendants' products that is outside of Qualcomm's custody and control and/or about which Qualcomm is not the best source of information. Qualcomm, accordingly, does not agree to produce a witness regarding the products of any entity other than Qualcomm. As to licenses between Qualcomm and any third parties, Qualcomm will not produce a witness on this topic because any purported relevance is outweighed by the burdens associate with producing third party confidential information.

**DEPOSITION TOPIC NO. 18:**

The meanings and naming of software build identification numbers, software version numbers, and advanced mobile subscriber software ("AMSS") version numbers for all Relevant Components.

**RESPONSE TO DEPOSITION TOPIC NO. 18:**

EXHIBIT 2
000050

1    In addition to its General Objections, which are hereby incorporated by reference,

2    Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

3    Qualcomm further objects to this topic as imposing undue expense on a non-party to this

4    dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

5    this topic to the extent it calls for information that has not first been sought from parties to this

6    dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

7    is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

8    broad and unduly burdensome to the extent this topic does not describe the information SPH

9    seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

10   burdensome and irrelevant to the extent that it seeks information about products that are sold

11   outside the United States.  Qualcomm objects to the terms "software build identification

12   numbers," "software version numbers," "advanced mobile subscriber software ("AMSS")

13   version numbers," and "Relevant Components" as vague and ambiguous.  Qualcomm further

14   objects to this topic to the extent it calls for information containing proprietary, confidential,

15   trade secret, and/or private information, and declines to provide any such information that

16   could subject Qualcomm to competitive disadvantage or business injury or violate

17   confidentiality agreements or the privacy interests of individuals.

18   Subject to the foregoing General and Specific Objections, Qualcomm responds as

19   follows:  This topic is compound and apparently seeks in part information regarding

20   defendants' products that is outside of Qualcomm's custody and control and/or about which

21   Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

22   produce a witness regarding the products of any entity other than Qualcomm.  As to its own

23   products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

24   appropriate protective order and an agreement to limit any deposition to a reasonable scope.

25   **DEPOSITION TOPIC NO. 19:**

26   Modifications made to different versions of Relevant Components and to different

27   versions of source code and software that relate to or are intended to implement any of the

28

27

EXHIBIT 2
000051

functionalities of Channel Spreading and Modulation and/or Random Access in Relevant

Components.

**RESPONSE TO DEPOSITION TOPIC NO. 19:**

In addition to its General Objections, which are hereby incorporated by reference,

Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

Qualcomm further objects to this topic as imposing undue expense on a non-party to this

dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

this topic to the extent it calls for information that has not first been sought from parties to this

dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

broad and unduly burdensome to the extent this topic does not describe the information SPH

seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

burdensome and irrelevant to the extent that it seeks information about products that are sold

outside the United States.  Qualcomm objects to the terms "modifications," "different

versions," "Relevant Components," "software," "relate to or are intended to implement,"

"functionalities," "Channel Spreading and Modulation," and "Random Access" as vague and

ambiguous.  Qualcomm further objects to this topic to the extent it calls for information

containing proprietary, confidential, trade secret, and/or private information, and declines to

provide any such information that could subject Qualcomm to competitive disadvantage or

business injury or violate confidentiality agreements or the privacy interests of individuals.

Qualcomm objects to this topic to the extent it seeks information covered by the attorney-client

privilege, the work product doctrine, common interest, joint defense or any other applicable

privileges or protections.

Subject to the foregoing General and Specific Objections, Qualcomm responds as

follows:  This topic is compound and apparently seeks in part information regarding

defendants' products that is outside of Qualcomm's custody and control and/or about which

Qualcomm is not the best source of information.  Qualcomm, accordingly, does not agree to

produce a witness regarding the products of any entity other than Qualcomm.  As to its own

28

EXHIBIT 2
000052

1 products, Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

2 appropriate protective order and an agreement to limit any deposition to a reasonable scope.

3 **DEPOSITION TOPIC NO. 20:**

4    Your collection, selection, and production of documents in response to this Subpoena.

5 **RESPONSE TO DEPOSITION TOPIC NO. 20:**

6    In addition to its General Objections, which are hereby incorporated by reference,

7 Qualcomm objects to this topic on the grounds that it is not relevant to this subpoena.

8 Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

9 Qualcomm further objects to this topic as imposing undue expense on a non-party to this

10 dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

11 this topic to the extent it calls for information that has not first been sought from parties to this

12 dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

13 is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

14 broad and unduly burdensome to the extent this topic does not describe the information SPH

15 seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

16 burdensome and irrelevant to the extent that it seeks information about products that are sold

17 outside the United States.  Qualcomm objects to the term "selection" as vague and ambiguous.

18 Qualcomm further objects to this topic to the extent it calls for information containing

19 proprietary, confidential, trade secret, and/or private information, and declines to provide any

20 such information that could subject Qualcomm to competitive disadvantage or business injury

21 or violate confidentiality agreements or the privacy interests of individuals.  Qualcomm objects

22 to this topic to the extent it seeks information covered by the attorney-client privilege, the work

23 product doctrine, common interest, joint defense or any other applicable privileges or

24 protections.

25    Subject to the foregoing General and Specific Objections, Qualcomm responds as

26 follows:  Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

27 appropriate protective order and an agreement to limit any deposition to a reasonable scope.

28 **DEPOSITION TOPIC NO. 21:**


EXHIBIT 2
000053

1   Your system, policies, and/or practices regarding the maintenance of the documents,

2   code, files, software, and other electronic records for the Relevant Components.

3   **RESPONSE TO DEPOSITION TOPIC NO. 21:**

4   In addition to its General Objections, which are hereby incorporated by reference,

5   Qualcomm objects to this topic on the grounds that it is not relevant to this subpoena or this

6   action and is not reasonably calculated to lead to the discovery of admissible evidence.

7   Qualcomm objects to this topic as imposing undue expense on a non-party to this dispute.

8   Qualcomm further objects to this topic as imposing undue expense on a non-party to this

9   dispute to the extent it seeks information that is not readily accessible.  Qualcomm objects to

10   this topic to the extent it calls for information that has not first been sought from parties to this

11   dispute.  Qualcomm also objects to this topic to the extent information responsive to this topic

12   is equally available from a party to this dispute.  Qualcomm objects to this topic as overly

13   broad and unduly burdensome to the extent this topic does not describe the information SPH

14   seeks with reasonable particularity.  Qualcomm objects to this topic as overly broad, unduly

15   burdensome and irrelevant to the extent that it seeks information about products that are sold

16   outside the United States.  Qualcomm objects to the terms "code," "files," "software," "other

17   electronic records," and "Relevant Components" as vague and ambiguous.  Qualcomm further

18   objects to this topic to the extent it calls for information containing proprietary, confidential,

19   trade secret, and/or private information, and declines to provide any such information that

20   could subject Qualcomm to competitive disadvantage or business injury or violate

21   confidentiality agreements or the privacy interests of individuals.  Qualcomm objects to this

22   topic to the extent it seeks information covered by the attorney-client privilege, the work

23   product doctrine, common interest, joint defense or any other applicable privileges or

24   protections.

25   Subject to the foregoing General and Specific Objections, Qualcomm responds as

26   follows:  Qualcomm will not produce a 30(b)(6) witness for deposition on this topic without an

27   appropriate protective order and an agreement to limit any deposition to a reasonable scope.

28

EXHIBIT 2
000054

Dated:  June 16, 2010

FOLEY & LARDNER LLP

By: _____

Attorney for Non-Party
Qualcomm Incorporated
ncunningham@foley.com

31