# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SPH America, LLC, | CASE NO. 09cv02535-CAB (MDD) |
|---|---|
| Plaintiff, | ORDER GRANTING LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS |
| vs. | [DOC. NO. 575] |
| Acer, Inc. et al., | |
| Defendant. | |

In this patent infringement action, plaintiff SPH America, LLC ("SPH") asserts claims of five patents against numerous defendants, including Motorola Mobility, Inc. and Motorola Solutions, Inc. (jointly "Motorola"). On July 22, 2011, Motorola filed a motion seeking leave to file an amended answer and counterclaims to include affirmative defenses of inequitable conduct, implied and express license and a counterclaim for correction of inventorship under 35 U.S.C. §256. [Doc. No. 575.] SPH filed an opposition. [Doc. No. 616.] Motorola filed a reply. [Doc. No. 623.] SPH was given leave to file a sur-reply [Doc. No. 631] and Motorola was given leave to file a response to the sur-reply [Doc. No. 634]. On September 28, 2011, District Judge John A. Houston took the motion under submission to be decided on the papers. [Doc. No. 625.] The case was transferred to the undersigned on February 14, 2012. [Doc. No. 652.]

This case was filed on July 6, 2009, in the Eastern District of Virginia. It was subsequently transferred to the Southern District of California and, due to no apparent lack of diligence on the part

of the parties, this Court only recently held the claim construction hearing on the patents at issue. [Doc. Nos. 668-69.] The parties have participated in discovery, some of which resulted in this motion for leave to amend, but neither the fact or expert discovery cutoff has been set yet, or a trial date. Consequently, the Court finds no undue delay or bad faith in the filing of this motion. Absent undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party there exists a presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital v. Apseon, Inc*. 316 F.3d 1048, 1052 (9th Cir 2003).

SPH contends that the Court should deny leave based on futility of the proposed amendment. A proposed amendment is deemed futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller .v Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). Specifically, SPH argues that even accepting every allegation in the amended pleading as true, Motorola fails as a matter of law in stating a claim for joint inventorship. As the implied and express license allegations flow from the joint inventorship claim, SPH argues they fail as well. SPH also contends that the proposed inequitable conduct affirmative defense rests on a faulty premise and is therefore also futile.

Section 116 states that,

> When an invention is made by two or more persons jointly, they shall apply for patent jointly and each make the required oath, except as otherwise provided in this title. Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution or (3) each did not make a contribution to the subject matter of every claim of the patent.

35 U.S.C. §116. For persons to be joint inventors under 35 U.S.C. §116, "there must be some element of joint behavior, such as collaboration or working under common direction, one inventor seeing a relevant report and building upon it or hearing another's suggestion at a meeting." *Kimberly Clark Corp. v. The Procter & Gamble Co.*, 973 F.2d 911, 917 (Fed. Cir. 1992). Some quantum of collaboration or connection is required. *Id.*

Motorola alleges in its proposed First Amended Answer and Counterclaims [Doc. No. 575-1, ¶¶11-25] that the International Telecommunications Union ("ITU") set the general performance requirements for 3G networks. Between 1996 and 1999 four Standards Settings Organizations ("SSO") were developing standards to meet the ITU's requirements. The SSOs conducted joint study

group meetings to present 3G proposals to the ITU. The topic of how modulation and spreading was to be performed on the CDMA signals being sent from the mobile phone to the network was discussed within the various SSOs and jointly. Prior to April 4, 1998, a concept called "hybrid phase shift keying" was proposed by Kevin Laird, Tyler Brown and Nicholas Whinnett, of Motorola, to all the SSOs. Seung Chan Bang and Jae Ryong Shim, attended various SSO meetings, monitored the proceedings of the SSO working groups and were aware of the presentations and submissions of Laird, Brown and Whinnett. The concepts proposed by Laird, Brown and Whinnett were incorporated into a proposal by Bang and Shim, and are claimed in the patents at issue. Motorola also alleges that communications between Shim and the Motorola employees following the filing of the patent application corroborate Motorola's contentions that the parties believed they were working together toward a common goal.

SPH argues these facts even taken as true, as the Court must for purposes of this motion, cannot support a claim of joint inventorship. Motorola has alleged that the cooperative efforts of various SSOs, in which the patent inventors and the Motorola employees participated toward a common end is a sufficient "quantum of collaboration" to establish joint inventorship. The law does not require that the contributors worked together or at the same time, but that they worked under common direction. The Court finds no authority that the efforts of the SSOs to meet the goals of the ITU cannot possibly constitute "collaboration" such that if the work of an individual disclosed in that setting is incorporated into the patent application of another involved in that same effort that interaction, as a matter of law, cannot constitute "joint inventorship."

The allegations of collaboration are sufficiently pled to permit leave to amend. As the other counterclaims, the implied and express license allegations, flow from the claim of joint inventorship, leave is granted as to those as well.

With regard to the affirmative defense of inequitable conduct in the prosecution of the '029 patent, Motorola pleads that the inventors failed to submit the full and complete version of a 1995 document referred to as the OKI Standard, and those omitted pages would have caused the examiner to reject the application. SPH contends that the document Motorola relies upon for this defense to illustrate that pertinent pages were omitted from the 1995 document submitted to the PTO by the

inventors, is a 1994 draft.  SPH represents that there are substantial differences between the two documents and therefore Motorola's amendment is based on a faulty premise and is futile.  Motorola asserts that the submitted 1995 version was incomplete, the missing pages are reflected in the 1994 draft, and that is the basis of its claim.  For purposes of this motion for leave to amend, the Court declines to analyze the two documents, determine what the inventors knew about the 1994 draft, or make a determination as to what each document discloses or its materiality to the patent prosecution.  Motorola is granted leave to amend and assert this defense without any prejudice to SPH contesting it on a more complete record in a subsequent motion.

For the reasons stated above, Motorola Mobility's request for leave to file its First Amended Answer and Counterclaims, attached to the motion as Exhibit A [Doc. No. 575-1] and Motorola Solution's request for leave to file its First Amended Answer and Counterclaims, attached to the motion as Exhibit B [Doc. No.575-2] is GRANTED.  The respective parties are directed to file the amended pleadings as soon as practicable.

DATED: April 18, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge