# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC,<br><br>                    Plaintiff,<br><br>   vs.<br><br>ACER, INC., et al.,<br><br>                    Defendant. | CASE NO. 09cv2535 CAB (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE BETWEEN PLAINTIFF SPH AMERICA, LLC AND DEFENDANT MOTOROLA MOBILITY, INC.<br><br>[DOC. NO. 673] |

Before the Court is the joint motion of Plaintiff and Defendant Motorola Mobility, Inc. ("MMI") to determine a discovery dispute. (Doc. No. 673). The dispute regards Plaintiff SPH's Request No. 127 in its Third Set of Requests for Production served upon MMI. MMI produced some documents in connection with the request, but also objected claiming that some documents which may be responsive are not in their possession, custody or control. MMI asserts that those documents are in the possession of outside counsel that represents MMI in litigation before the International Trade Commission ("ITC"), and are subject to restrictive protective orders regarding disclosure and use of third party documents. MMI asserts that the ITC protective orders prevent MMI from reviewing documents containing

1  confidential information of third parties obtained by their outside counsel in
2  connection with the ITC litigation.  At issue in this case are third party documents
3  obtained in the ITC litigation from Qualcomm, Inc., Intel Corporation, and Apple,
4  Inc.  Each of these third parties have objected to the disclosure of their confidential
5  information to Plaintiff.

6  SPH contends that MMI has refused to produce the disputed documents in the
7  possession of their ITC counsel and has not taken the steps necessary to obtain
8  permission from the interested third parties to produce the documents.

9  **Possession of the Disputed Documents**

10  As a threshold matter, the Court must determine whether documents in the
11  possession of MMI's ITC outside counsel and governed by the ITC litigation's
12  protective orders are within the "possession, custody and control" of MMI.  As
13  discussed below, the Court finds that the information is within the constructive
14  possession of MMI.

15  The parties have provided to the Court the general ITC protective order issued
16  in the underlying ITC case (Doc. No. 673-1, Exh. 9), amendments to the order (*Id.,*
17  Exhs.10 and 15) and a supplemental order regarding information obtained from
18  Qualcomm.  (*Id.,* Exh. 5).  MMI asserts that its employees and in-house lawyers were
19  and are prohibited from obtaining or viewing any confidential material obtained
20  pursuant to the protective orders.  Only its outside counsel and persons working
21  directly with outside counsel are permitted to view documents identified as
22  confidential.  Use of the information also is restricted.  Consequently, MMI claims
23  that it does not "possess" the documents.

24  The Court disagrees.  There is nothing in the various protective orders
25  abrogating MMI's status as a party to the ITC proceedings.  Documents obtained by
26  its counsel, even though there are restrictions on sharing such documents with MMI
27  personnel directly, are in MMI's possession, albeit constructive.  Whether and under
28  what circumstances those documents may be discovered in other litigation against

MMI is the real question.

**Review and Disclosure of Confidential Information**

Though MMI may 'possess' these documents within the meaning of the law, the ITC protective orders prevent MMI personnel, other than MMI's ITC outside counsel, from reviewing documents obtained from third parties which are subject to the protective orders. The same protective orders serve to prevent MMI's ITC outside counsel from disclosing documents subject to the confidentiality provisions of the protective orders to Plaintiff, even if the information is otherwise discoverable in this litigation. The protective orders provide for two relief mechanisms. The first relief mechanism is consent: If the third parties consent to the disclosure of their confidential information to MMI or to MMI's outside counsel in the instant case, the protective order in the ITC litigation is not violated. The second relief mechanism is for MMI to seek leave of the ITC to allow for disclosure to MMI or MMI's outside counsel in this case to review for discoverability. And, although not part of the relief provisions of the protective orders, it appears that MMI's ITC outside counsel, if properly prepared, could evaluate the documents for relevance and discoverability. This option is the least attractive as it would require counsel not part of the instant litigation to assess relevance and other discovery concerns.

Qualcomm, Intel, and Apple have participated in the briefing of this motion and have objected to disclosure to Plaintiff. Each also suggests various procedures to put into place in the event that the Court orders disclosure. Each of the proposals appears to provide for MMI to examine potentially responsive documents. None of the proposals, however, provide for the mechanism for MMI to review the documents for relevance without violating the ITC protective orders.

Having considered the arguments, the Court ORDERS as follows:

1. MMI is to confirm, within 7 days of the date of this Order, whether Qualcomm, Intel and Apple will consent to permitting MMI's outside counsel in the instant case to review third party confidential documents

1 which are potentially relevant in the instant litigation, which documents
2 are now in the possession of MMI's ITC outside counsel. If consent is
3 given by these third parties, the parties may enter into an appropriate
4 protective order to protect the confidentiality of the third party
5 documents and may submit such orders to this Court for approval. The
6 Court will entertain a joint motion regarding the terms of the protective
7 order if the parties are unable to agree to the terms of such a protective
8 order. Reference is to be made to the Chamber Rules. If, however,
9 consent is not obtained from the third parties, MMI must seek
10 permission to review the subject third party confidential information
11 produced in the ITC proceedings from the ITC, as provided in the ITC
12 protective orders. (*See, e.g.,* Doc. No. 673-1, Exh. 9 at 5-6).

13 2. If the ITC does not permit MMI's outside counsel in this case to examine
14 the third party confidential documents for relevance, MMI must seek an
15 ITC order to allow MMI's ITC outside counsel to conduct the necessary
16 review for relevance in this case.

17 3. Thereafter, if MMI, through its outside counsel, determines that there is
18 relevant information that has been designated as confidential by
19 Qualcomm, Intel or Apple, those documents must be provided for review
20 to the party that produced the documents before any production in this
21 litigation. The third parties may seek a ruling from this Court
22 regarding objections to production in this litigation, including relevance,
23 may negotiate an appropriate protective order with Plaintiff and
24 Defendant MMI, or may file an appropriate motion for a protective order
25 in this Court, as necessary.

26 //
27 //
28 //

4. There will be a telephonic discovery status conference between all interested counsel and the Court on May 25, 2012, at 9:15 am. Counsel for Plaintiff is required to provide a call-in number for all interested parties and the Court.

**IT IS SO ORDERED**.

DATED: April 27, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge